Commonwealth ex rel. Kimble, Appellant, *v.* Keenan.

170

Argued November 17, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Carl Blanchfield,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WATKINS, J., December 14, 1960:

This is an appeal from the dismissal of the Court of Common Pleas of Allegheny County of a rule to show cause why a writ of habeas corpus should not be granted. The appellant, Harold Kimble, was convicted for violation of the narcotics law on four bills of indictment in the Court of Quarter Sessions of Allegheny County, and on March 7, 1958, was sentenced to pay a fine of $250, to pay the costs of prosecution and to undergo imprisonment of not less than five years nor more than ten years in the Allegheny County Workhouse, the sentence to run concurrently with the sentence imposed in a prior case of aggravated assault and battery. The court below found that a hearing was unnecessary and so discharged the rule and dismissed the petition.

The questions raised by the petition are as follows: That the appellant was sentenced under the Act of Assembly approved June 19, 1953, P. L. 290, which provides that a first offender who shall be convicted shall pay a fine of not exceeding $2000 and undergo imprisonment of not less than two (2) years and not more than five (5) years; that he was "considered as a second offender" so that he is being incarcerated on an illegal and therefore void sentence; that the sentence imposed was due to a misunderstanding of the law by the sentencing judge that it was mandatory to so sentence; that the conviction was secured by perjured testimony; that he was unable to secure a transcript of the testimony because it was never transcribed due to the illness of the stenographer; and that the appellant has obtained an affidavit from the Commonwealth's principal witness, Harry Tabb, a co-defendant, setting forth that his testimony at the appellant's trial was perjured.

Appellant's counsel also complains of the action of the court below in dismissing the petition without a

hearing. Where there are no factual issues for determination, as here, a hearing is unnecessary. *Com. ex rel. Shultz v. Myers,* 182 Pa. Superior Ct. 431, 128 A. 2d 103 (1956); *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 97 A. 2d 54 (1953). Appellant's counsel also sets out as questions involved certain complaints concerning the trial, not included in the petition, and so far as we can discover from the record, not raised below. These questions we will dismiss as being without merit in that the writ of habeas corpus is not a substitute for appeal. *Com. ex rel. Wilkins v. Banmiller,* 401 Pa. 347, 164 A. 2d 333.

The complaint concerning the absence of a transcript of testimony was raised by the appellant in his appeal from his conviction and disposed of by this Court in *Commonwealth v. Kimble,* 187 Pa. Superior Ct. 490, 144 A. 2d 598 (1958), wherein we held that the mere absence of the stenographic notes of testimony does not entitle the appellant to a new trial and the trial judge, within his discretion, may dispose of a motion for a new trial and in arrest of judgment, from his knowledge of the evidence, unless, as did not appear in this case, the absence of the transcript prejudiced his case. See also: *Com. ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 133 A. 2d 570 (1957). The appellant properly raised this question on appeal and it has been disposed of by this Court. It is not a proper question to be raised by habeas corpus. *Com. ex rel. Wilkins v. Banmiller,* supra. This is also true concerning complaints in the petition and in counsel's argument concerning purported trial errors which were already tested in the motion for a new trial and in arrest of judgment. *Com. ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400.

We have here, once again, the question of a co-defendant who testified for the Commonwealth recanting and executing an affidavit that at the time of his

testimony he committed perjury to the prejudice of the appellant's case. It has been repeatedly held that "an attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus". *Com. ex rel. Cobb v. Burke,* 176 Pa. Superior Ct. 60, 63, 107 A. 2d 207 (1954). "Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury." *Com ex rel. Estelle v. Cavell,* 191 Pa. Superior Ct. 200, 205, 156 A. 2d 615 (1959).

As to the contention contained in the petition that the sentence was illegal and void, or the contention as set forth in the appellant's brief that the court erred in imposing sentence under the second count of the indictment rather than on the first count, when the jury did not specify under which count the defendant was found guilty, either of which, if true, would make available the writ of habeas corpus, are best answered by the opinion of Judge GREEVY for the court below, as follows: " 'Relator was found guilty, among other crimes, of selling, dispensing and giving away' narcotics and sentenced under the Act of 1917, July 11, P. L. 758, Section 12, as amended by the Act of 1955, P. L. 1809, Section 12 (a1) which provides: 'Any person who sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony, and, upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding five thousand ($5,000.) dollars or to undergo imprisonment by separate or solitary confinement at labor not exceeding ten years, or both.' . . . Relator was not considered as a second offender and the sentence given conforms to the Act under which relator was charged. . . . Habeas Corpus may be used to cor-

174

rect an error in a sentence. (See Commonwealth ex rel. McDevitt v. Burke, 166 Pa. Superior Ct. 194). But where as here the sentence imposed is within the limits fixed by law the Appellate Court will not inquire into the sentencing judge's reasons for the penalty imposed. Commonwealth v. Trostle, 189 Pa. Superior Ct. 200. See, also, Commonwealth ex rel. Spader v. Myers, 187 Pa. Superior Ct. 654. The holding in Commonwealth v. Glover (156 Atl. 2d 114)[1] is inapplicable. The trial judge was and is of the opinion that the sentence and penalty imposed is proper and merited. There is no error in the sentence in this case."

Order affirmed.

[1] 397 Pa. 543 (1959).