## Commonwealth ex rel. Strickland v. Myers

742

*William Strickland*, p.p., relator.

*James C. Crumlish, Jr.*, District Attorney and *John F. Hassett*, Assistant District Attorney, for respondent.

KELLEY, J., January 30, 1962.—Relator was jointly indicted on bill nos. 1895, 1897, 1898, 1899 and 1900, October sessions, 1951, charging aggravated assault and battery, assault and battery with intent to kill, assault with intent to commit robbery, attempted robbery and carrying a concealed deadly weapon.

On November 19, 1951, relator along with two other defendants was tried before the Honorable Joseph L. Kun and a jury, and found guilty on all of the aforementioned bills except bill no. 1897 charging assault and battery with intent to kill, upon which the court directed a verdict of not guilty. He was sentenced to eight to 20 years at Eastern State Penitentiary on bill no. 1899, three to six years at the same institution on bill no. 1900, and three and one-half to seven years at the same institution on bill no. 1898 to run consecutively. Sentence was suspended on bill no. 1895.

Relator now by writ of habeas corpus contends that his conviction is invalid because:

1. All of his procedural pre-trial rights were denied him. Specifically he alleges that he was not given a preliminary hearing, copies of sworn complaints, bills of indictment or pre-trial notice of any kind on bill nos. 1898 and 1900.

2. He was not furnished a copy of the notes of testimony.

3. The jury was not sworn.

4. The conduct of the trial court deprived him of the effective assistance of his counsel and of his right to testify in his own behalf.

5. That since the maximum sentence which could have been imposed on any one bill was 20 years, he could not receive a sentence which, in the aggregate, exceeded 20 years.

Relator's first contention is without merit. He admitted at the trial that he had been confronted by his accusers at St. Joseph's Hospital and at the detective bureau. Relator's exhibit "B" attached to his petition is a copy of the notes of testimony taken before Magistrate Beifel on October 20, 1951. Detective Hartzell, at the magistrate's hearing, testified as to the details of the crimes involved in the various bills. Furthermore, the regularity of the proceedings, prior to indictment, cannot be raised on habeas corpus: Commonwealth v. Cuff, 196 Pa. Superior Ct. 274 (1961); Commonwealth ex rel. Nichols v. Lederer, 193 Pa. Superior Ct. 482 (1960); and Commonwealth ex rel. Lockhart v. Myers, 193 Pa. Superior Ct. 531 (1960).

Relator's second contention is likewise without merit. The record shows that his counsel asked the court to delay the argument on the motion for a new trial until he could obtain a copy of the notes of testimony. Thereafter, more than 30 days after the jury's verdict, the arguments on the motion for new trial were heard and denied by the court. Nowhere in the record does it appear that relator's counsel brought to the attention of the court that he did not receive the notes. Certainly, he would have renewed his request for the notes had he not already had them in his possession. Furthermore, relator's complaint that he had not been able to obtain a transcript of the stenographic notes of testimony of the criminal trial is not cognizable in a habeas corpus proceeding: Commonwealth ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169 (1960).

Relator's third contention is without merit. The record affirmatively shows that the jury was sworn.

Relator's fourth contention is without merit. Upon a careful reading of the record, we are convinced that the trial court was not biased, unfair and prejudicial. On the contrary, relator was afforded all of his rights and was given a fair trial. It is well settled also that alleged trial errors cannot be raised in a habeas corpus proceeding: Commonwealth ex rel. Baerchus v. Myers, 194 Pa. Superior Ct. 377 (1961), and Commonwealth ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169 (1960).

Relator's fifth contention is also without merit. There is no limitation in the law that a defendant charged with different crimes on separate bills cannot be sentenced in the aggregate to a term exceeding the maximum sentence on any one particular bill.

Accordingly, relator's petition is denied.