## Commonwealth ex rel. Miller v. Rundle

*Edward T. Miller*, p. p., relator.

*William C. Cahall, 3rd*, Assistant District Attorney, for respondent.

HONEYMAN, J., October 31, 1962.—Relator, Edward Miller, was charged with various crimes of burglary and larceny and conspiracy to commit burglary and larceny. On the various bills of indictment he was indicted individually in some, and jointly with two other defendants, viz., Rolfe Bergh and Pat DeCarlo, on others; Bergh and DeCarlo entered pleas of guilty before this court. Upon the entry of a plea of "not guilty," Miller was tried before a judge and jury on February 16 and 17, 1960, and verdicts of guilty were returned by the jury on nine of the bills of indictment. Motions for new trial and in arrest of judgment were filed by then counsel for Miller, asserting numerous reasons in support thereof. After argument before the court en banc, these motions were dismissed in an opinion and order. Thereafter, Miller was sentenced on June 1, 1960, to pay the costs of prosecution, make one-third of the restitution and undergo imprisonment for a term of not less than five years nor more than ten years.

On June 9, 1961, Edward Miller filed in this court his petition for a writ of habeas corpus, the principal averments in support thereof being:

1. The testimony of Rolfe Bergh as a Commonwealth witness was perjured testimony;

2. That different members of various police departments promised Rolfe Bergh considerations for his testimony against petitioner and that such police officers knew that Rolfe Bergh was testifying falsely;

3. That J. Bradley Taylor, Esq., Assistant District Attorney of Montgomery County, threatened and coached Rolfe Bergh into admitting that Edward Miller was implicated in the various burglaries and larcenies that were the subject matter of the various bills of indictment on which Edward Miller was tried and convicted;

4. That the said Mr. Taylor promised Rolfe Bergh leniency in his sentence; and

5. That Edward Miller is innocent of the various crimes of which he stands convicted and that he has steadfastly maintained his innocence throughout all of the proceedings.

By opinion and order of this court dated June 12, 1962, Groshens, J., the petition of Edward Miller was dismissed, and the writ refused. From such order, Edward Miller appealed to the Superior Court of Pennsylvania which, by a per curiam order dated November 16, 1961, affirmed the order of this court dismissing the petition and refusing the issuance of the writ. On allocatur to the Supreme Court of Pennsylvania, the said court on July 11, 1962, granted the petition, allowed the appeal, reversed the Superior Court and remanded the record to this court with directions to hold a hearing on the petition for a writ of habeas corpus. Up to this stage of the proceedings, Edward Miller was representing himself in propria persona. Subsequent to the order of the Supreme Court, he retained the services of James J. Himsworth, Jr., Esq., of the Bar of Montgomery County. The matter was listed for hearing before the undersigned member of this court, pursuant to the order of the Supreme Court, on the earliest available date following the return of the undersigned judge from his summer vacation, viz., September 7, 1962. Upon application on behalf of defendant, the hearing was continued and in the interim petitioner dismissed his then counsel and retained Alan E. Boroff, Esq., of the Montgomery County bar. The hearing then was held before the undersigned judge of this court on October 10, 1962.

The hearing judge had no way of knowing what moved the Supreme Court of Pennsylvania to direct the hearing on the petition and, therefore, gave defendant every opportunity to produce whatever evidence he

had in support of the above mentioned allegations of his petition. Edward Miller did not testify in the habeas corpus hearing, nor had he testified at the time of his trial nor on the date of his sentence and therefore, it would seem evident that he has not supported his allegations of innocence and the steadfast maintaining of his innocence throughout these proceedings in any fashion other than the formal plea of "not guilty" entered at the time of trial on behalf of petitioner by his then counsel Jesse W. Beeghley, Jr., Esq., of the Montgomery County bar. An allegation of his innocence and repeated protestations of innocence in a petition for a writ of habeas corpus, which is, of course, on the civil side of the court, that is totally unsupported by any evidence must fail.

At the hearing, petitioner presented only one witness, namely Rolfe Bergh. Mr. Bergh, in his testimony, made no complaint whatsoever about the conduct of any of the police officers named in paragraph 9 of Edward Miller's petition. He said that no police officer threatened him, promised him any consideration, induced him to testify falsely, or committed any other act in the nature set forth by this petitioner. Therefore, that reason in support of Mr. Miller's position must fail.

That leaves only two basic reasons about which there was testimony that could conceivably support this petition and compel the grant of the prayer of the petition. The first of these is with respect to the perjured nature of the testimony of Rolfe Bergh at the trial of petitioner, Edward Miller, and on whose testimony Edward Miller was convicted. In the habeas corpus hearing, Rolfe Bergh flatly and unequivocally testified that all of his testimony at the trial of Edward Miller concerning Edward Miller's involvement in the various burglaries and larcenies of which he stands convicted, as well as the charges of conspiracy to commit these crimes, was false, and he testified that Edward Miller

was not involved with him and the other defendant, Pat DeCarlo, in the commission of any burglaries and larcenies in Montgomery County. He testified that Edward Miller was implicated in similar criminal offenses in the City of Philadelphia but that he was certain that Mr. Miller had not participated in any of the Montgomery County burglaries. At the time of trial, Mr. Bergh had testified just as flatly and unequivocally that Mr. Miller was the third member of the triumvirate in these various burglaries. Therefore, Mr. Bergh either was telling the truth at the time of trial, or was telling the truth at the time of the habeas corpus hearing, or was not telling the truth at either time. This court has no way of determining to any degree of certainty which one is correct. However, the issue of credibility was for the jury of 12 people who listened to Mr. Bergh at the time of the trial of Edward Miller, and after full and adequate cautionary instructions by the trial judge concerning the testimony of an accomplice, obviously believed Mr. Bergh's testimony at that time and convicted Mr. Miller. The hearing judge was also the trial judge and has no reason to find Mr. Bergh's testimony more credible on the habeas corpus hearing than it was at the time of trial when his diametrically opposed testimony was believed by 12 adult, sober, and conscientious citizens of Montgomery County. The Superior Court of Pennsylvania in the case of Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200 (1959), at page 205, stated as follows in an opinion by Wright, J.:

"We have held that a new trial should be granted where there is incontrovertible evidence adduced that the verdict was rendered by reason of perjured testimony: Commonwealth v. Krick, 164 Pa. Superior Ct. 516, 67 A. 2d 746. However, this rule does not apply if there is doubt as to the falsity of the testimony: Commonwealth v. Coroniti, 170 Pa. Superior Ct. 245,

85 A. 2d 673. And see Commonwealth v. Saunders, 386 Pa. 149, 125 A. 2d 442. 'It is a matter of general knowledge that partners in crime are likely when apprehended to cast the chief blame on each other. It is also equally well known that partners in crime sometimes do tell the truth as to the commission of the crime': Commonwealth v. Bubna, 357 Pa. 51, 53 A. 2d 104. Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury: Commonwealth v. Ruff, 92 Pa. Superior Ct. 530; Commonwealth v. Palarino, 168 Pa. Superior Ct. 152, 77 A. 2d 665 . . ."

The Superior Court in the case of Commonwealth ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169 (1960), in an opinion by Watkins, J., at page 173, cited the Cavell case with approval and reiterated the principles enunciated therein. Applying these principles to the instant case, this court cannot say that there is incontrovertible evidence that the verdict of the jury was rendered by reason of perjured testimony and under all of the circumstances in this case, this court feels that there is greater likelihood that the testimony of Mr. Bergh was false at the habeas corpus hearing than that it was false at the time of the trial. The hearing judge cannot, in good conscience, say that he is satisfied that Mr. Bergh's recantation is true. Therefore, it is concluded that the evidence in support of this basis for the writ of habeas corpus is not well founded.

That leaves us with the consideration of the allegations of misconduct on the part of J. Bradley Taylor, Esq., Assistant District Attorney of Montgomery County, who was the prosecutor at the trial of Edward Miller and who is still an assistant district attorney of Montgomery County. This court has always found Mr.

Taylor to be an ethical, honest and sincere practicing attorney and prosecutor. In the face of this, Mr. Bergh testified that Mr. Taylor insisted that Mr. Bergh testify falsely under oath, that in conference before the testimony of Mr. Bergh that Mr. Taylor stood over him, told him he was to testify against Mr. Miller, threatened him with a severe sentence if he did not so testify and thereby forced Mr. Bergh to testify falsely. Mr. Bergh further charges Mr. Taylor with inducing him to testify falsely by promising him every consideration with respect to his, Mr. Bergh's, sentence. Mr. Bergh further quotes Mr. Taylor as having said to him, among other things, "you told me that you could help me or you could bury me, and if I didn't testify against Miller you would bury me. You also said that you wanted me to convict him, and it was not a matter of a question as to whether everything was right or wrong. You wanted a conviction." Obviously these are grave and serious charges to be leveled at a member of the bar and an assistant district attorney. Such charges, if sufficiently proven, would require disciplinary action against Mr. Taylor by the court as well as possible punitive action under the criminal law. By reason of these charges, Mr. Taylor withdrew from the case as counsel and testified in rebuttal of these allegations of Mr. Bergh. Mr. Taylor testified that he had never seen Mr. Bergh before his interview with him as a Commonwealth witness in advance of the trial of Edward Miller. He stated that he had interviewed Mr. Bergh in order to ascertain what his testimony would be. He denies that he threatened Mr. Bergh with a lengthy prison sentence. Further, he stated that he did not induce Mr. Bergh in any way to testify falsely and had no reason to believe that Mr. Bergh was, in fact, testifying falsely. He categorically denied any and all charges of misconduct, breaches of ethics, and subornation of perjury as related by Mr. Bergh. Therefore,

the hearing judge in this matter has to resolve the issue of credibility between Mr. Bergh and Mr. Taylor and in so doing has little difficulty therein. The hearing judge believes Mr. Taylor and disbelieves Mr. Bergh. No single incident of unethical or improper conduct on the part of Mr. Taylor has ever come to the attention of this court, nor has this court any knowledge of any complaints against Mr. Taylor through the proper channels of the bar association of this county. Since his admission to the bar he has enjoyed an excellent reputation for integrity and honesty which completely belies the charges leveled at him by Mr. Bergh. Therefore, by reason of the fact that the hearing judge completely disbelieves such an accusation by Mr. Bergh, these further reasons advanced by Mr. Miller in support of his petition must fail.

Therefore, the court makes the following

### Order

And now, October 31, 1962, upon consideration of the petition of Edward Miller for a writ of habeas corpus, and after hearing thereon, the petition is dismissed and the writ is refused.