UNITED STATES of America, ex rel. Harold KIMBLE, Appellant

v.

Lawrence P. KEENAN, Superintendent Allegheny County Workhouse and Commonwealth of Pennsylvania.

No. 14103.

United States Court of Appeals Third Circuit.

Argued Feb. 18, 1963.

Decided March 19, 1963.

Jack E. Feinberg, Philadelphia, Pa., for appellant.

Edward C. Boyle, Dist. Atty., County of Allegheny, Pittsburgh, Pa. (Martin Lubow, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN and GANEY, Circuit Judges, and COHEN, District Judge.

PER CURIAM.

In 1957 appellant was convicted in a court of the Commonwealth of Pennsylvania for Aggravated Assault and Battery. He was sentenced on this to a term of not less than one year or more than three years. Later that year in the state court he was convicted on charges of violating the Narcotics Act of Pennsylvania. He was found guilty on all four counts of that indictment. He was sentenced to a term of from five to ten years on each count to run concurrently with the others and with the sentence appellant was then serving on his aggravated assault and battery conviction. Those sentences were to be served at the Allegheny County Workhouse.

In the narcotics conviction appellant moved for a new trial. The court stenographer had become ill meanwhile and was unable to transcribe his notes. He died

some time after that and his notes could not be read. The state trial judge heard the motion for a new trial. As he stated in his opinion denying the motion, he had a clear recollection of the trial plus his own copious notes. Appellant took an appeal to the Superior Court on the sole ground of lack of transcript. The Superior Court affirmed, 187 Pa.Super. 490, 144 A.2d 598 (1958).

Kimble then petitioned the state court for a writ of habeas corpus. That was denied and he appealed to the Superior Court. There he contended that he had been wrongfully sentenced in the narcotics conviction as a second offender and so had received an excessive sentence. He alleged that he had been convicted under the narcotics indictment because of the perjury of witness Harry Tabb who had since repudiated his testimony. He repeated his contention that the narcotics conviction should be set aside because the trial transcript was unavailable to him. He set out some other charges which he had not presented below and which were dismissed for that reason. The lower court's denial of the writ was affirmed in 194 Pa.Super. 169, 166 A.2d 668 (1960). In that opinion the Superior Court made it very clear that Kimble had not been sentenced as a second offender and that the term given him was in exact accordance with Pa.Stat.Ann. tit. 35, § 865 (1955) (since amended as Pa.Stat. Ann. tit. 35, § 780–20 (1962)) which fixed the term of imprisonment for the narcotic offenses of which Kimble had been found guilty as " * * * not exceeding ten years". The charge concerning Tabb was passed upon and held as insufficient for the allowance of the writ. The situation as to the lack of trial transcript had already been disposed of on its merits by the same court as already mentioned.

Kimble took the matter to the Pennsylvania Supreme Court which denied allocatur, then to the United States Supreme Court where certiorari was denied. Following that he petitioned the United States District Court for a writ of habeas corpus. His grounds, inter alia, were that the narcotics indictment was invalid; that Tabb's statement was read to the jury; that he had been arrested without legal warrant and that there had been a delay in the preliminary hearing; that the trial court had lost jurisdiction by failing to indict any of the "co-defendants"; that there had been improper conduct by the police and by the judge. These charges were not made in the state proceedings and were properly not considered by the district judge. This left two points for consideration, the lack of transcript and the question of Tabb's recantation.

With reference to the Tabb allegation, the District Judge ordered an investigatory hearing which was held on April 3, 1962. Tabb as a witness reaffirmed the testimony he had given at Kimble's trial. He said that the affidavit which he had later given Kimble which asserted that his trial testimony was false, was in fact, untrue. The District Judge in his opinion stated:

> "This Court had the opportunity to observe the demeanor, character, and the manner in which Harry Tabb testified, and it is this observation of the witness by a district judge in his own courtroom in an open forum which is the best way in which a trier-of-fact can learn the truth of the matter involved. I am satisfied that the testimony that Mr. Tabb gave before me was truthful, and there is no basis to the allegations made by petitioner."

The Court also heard the evidence of two detectives whom Kimble had accused of shaking him down and attempting to frame him and commented:

> "In addition, this Court had the opportunity to hear the testimony of Detectives Van Leer and Butzler. This Court is satisfied after hearing their testimony that there was no shakedown or attempts to frame Mr. Kimble by these detectives, and that their testimony was true."

The thoroughly experienced District Judge gave Kimble's allegations his full attention. His course of action as out-

lined in his opinion shows how carefully and conscientiously he handled the entire proceeding.[1]

In this court the only issues properly before us are those dealing with the witness Tabb and the absence of the trial transcript.

Concerning the Tabb evidence the Pennsylvania Superior Court held in Kimble's state habeas corpus appeal, 194 Pa.Super. 169, 173, 166 A.2d 668, 670 (1960):

"It has been repeatedly held that 'an attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus'. Com. ex. rel. Cobb v. Burke, 1954, 176 Pa.Super. 60, 63, 107 A.2d 207, 209. 'Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury.' Com. ex. rel. Estelle v. Cavell, 1959, 191 Pa.Super. 200, 205, 156 A.2d 615, 618."

■ Since that time, Tabb on the witness stand in the district court reaffirmed his trial evidence. We are satisfied that the District Judge in refusing to grant the writ on this ground acted justifiably. The facts of the relationship between Kimble and Tabb as developed at the trial and detailed in the opinion of the state trial judge are helpful in understanding Tabb's behavior.[2]

1. "This hearing was held more in the nature of an investigative type of hearing for the Court's benefit to determine whether there was any validity whatsoever to the allegations made by Harold Kimble. If there would have been even the slightest inkling of validity to his allegations, this Court would have held additional hearings at which Harold Kimble would have been produced, and an attorney would have been appointed on his behalf. But this Court does not feel merely because a petitioner alleges that he was convicted because of perjured testimony made with the connivance of police officers that he is, therefore, automatically entitled to be brought into the court, have counsel appointed on his behalf, and a prolonged hearing undertaken. Habeas corpus, we must always recognize, is an extraordinary and very important safeguard in our legal system. It must not be permitted to be perverted.

"This Court has on numerous occasions, when it found it necessary, brought prisoners into court, appointed counsel, and has even in some cases discharged defendants from custody; but this Court does not intend to institute a shuttle service between the state penitentiary and the federal court. Only when there is some showing of substance to the allegations will extended hearings be granted. We have used the power of this Court to investigate the circumstances of this case. We have reviewed the records and studied all other petitions raised by Kimble, including his latest pleading received on April 12, 1962, captioned,

'Reply to Respondent's Answer to Petition for Writ of Habeas Corpus.' The petitioner, Harold Kimble, we are satisfied was convicted in the Courts of Pennsylvania without violation of any safeguards granted to him by the Constitution and the laws of the United States. We, therefore, will not order any further hearings. We will not issue a writ of habeas corpus, and his petition for a writ of habeas corpus will be denied."

2. "Harry Tabb, a prosecution witness, was a drug addict. Having no money with which to buy dope, he burglarized four business establishments. From the Lightning Express Company he stole four tires. He took these tires in the company of one Barbara Wright, to the Petitioner, and in return for these tires, he received a quantity of heroin. Tabb was corroborated by Barbara Wright in connection with this portion of his testimony. Barbara Wright testified that she and Tabb used the heroin which was delivered by the petitioner, in her presence, to Tabb.

"On another occasion, he stole a portable television set from the Baltimore and Ohio Railroad, turned it over to the petitioner, and in return received a quantity of heroin from the petitioner.

"On a third occasion, he stole certain wearing apparel from the Pennsylvania Railroad, delivered the stolen property to the petitioner, and again received a quantity of heroin from the petitioner.

"On a fourth occasion, he stole various utensils from the Danforth Company, delivered those utensils to the petitioner,

■ The absence of the trial transcript under the particular circumstances before us did not materially harm petitioner. The trial judge passed upon this problem and so held. He had a full recollection of the trial, reinforced by elaborate notes. His view was sustained on appeal. We find nothing in this situation which would warrant our disturbing the finding of the state court. The principle is similar to that followed in Chessman v. Dickson, 275 F.2d 604 (9 Cir., 1960).

One more factual feature concerning appellant should be noted. Prior to argument of this appeal, appellant finished his minimum sentences under the concurrent provision of his narcotics sentences and was released on parole.

The judgment of the district court will be affirmed.

and in return received a quantity of heroin from the petitioner.

"Tabb testified that he was an addict, that he knew what heroin was from the effect it had on him, and that the drug he received from the petitioner was heroin. The trial judge cautioned the jury that the testimony, coming from an accomplice and a dope addict, must be received by the jury with caution and that it must closely scrutinize the testimony and consider its source."