## Commonwealth ex rel. Dixon, Appellant, *v.* Johnston.

Submitted September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James Dixon*, appellant, in propria persona.

*Joseph S. Ammerman*, District Attorney, and *Eugene G. Kitko*, Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from the order of the Court of Common Pleas of Clearfield County dismissing the petition of a prisoner for a writ of habeas corpus brought against the warden of the State Penitentiary at Rockview.

The petitioner, James Dixon, was sentenced in Clearfield County for a term of 1 to 10 years in the Western State Penitentiary beginning September 12, 1947. At the expiration of his minimum sentence on September 12, 1948, the petitioner was paroled by the Board of Parole.

On December 18, 1950, the petitioner pleaded guilty to larceny, and was sentenced in Clearfield County to the Western State Penitentiary for a term of 2 to 4 years. The petitioner was committed as a parole violator and served "back time" on his 1 to 10 year sentence until he was reparoled on February 18, 1954, to start serving the 2 to 4 year sentence. April 6, 1956, he was paroled on the 2 to 4 year sentence. August 20, 1956, the petitioner was returned to the penitentiary on the 1 to 10 year sentence because of a violation of the terms of his parole.

He contends that the sentence of 1 to 10 years imposed by the court to begin September 12, 1947, expired September 12, 1957.

Where the parole of a prisoner sentenced to the penitentiary is terminated upon conviction of another crime committed while on parole, the convict shall be imprisoned for the remainder of the term of the original sentence not served when the parole was granted. No credit may be allowed for the time he was out on parole and not delinquent. *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 112, 78 A. 2d 20 (1951); *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812 (1936). See also Section 5 of the Act of August 24, 1951, P.L. 1401, 61 PS §331.21a, and Section 10 of the Act of June 19, 1911, P.L. 1055, as amended, 61 PS §305.

Ignoring the 2 to 4 year sentence of the petitioner, which under no circumstances could reduce the 10 year maximum imposed on the first sentence, it is clear that when the petitioner was returned to the penitentiary on December 18, 1950, he had served in prison only one year of a ten year sentence. Not being entitled to any credit for the time when he was on parole, he had 9 more years to serve on his first sentence when he was recommitted to prison on December 18, 1950. Thus the maximum on his first sentence, as determined at that time, would not expire until December 18, 1959. Whatever additional time, if any, the board can legally require him to serve on the second sentence, is not a matter of our immediate concern, and it is to be presumed that the board will calculate this time correctly according to law.

The petitioner is now properly in custody under the 1 to 10 year sentence and is, therefore, not entitled to a writ of habeas corpus. *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 35 A. 2d 340 (1944).

Inasmuch as the petition does not allege facts, which if true, would entitle the petitioner to a writ of habeas corpus, the court below was not required to

take testimony before dismissing the writ. *Hoffman v. Burke*, 378 Pa. 651, 107 A. 2d 866 (1954) ; *Com. ex rel. Shultz v. Myers*, 182 Pa. Superior Ct. 431, 128 A. 2d 103 (1956).

Order affirmed.