Commonwealth *v.* Trostle, Appellant.

Submitted March 19, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edmond P. Trostle,* appellant, in propria persona.

*Daniel E. Teeter,* District Attorney, for appellee.

OPINION BY HIRT, J., April 16, 1959:

The defendant was charged with contributing to the delinquency of one Dorothy L. Little in violation of §20 of the Act of June 2, 1933, P.L. 1433, 11 PS §262. Cf. *Commonwealth v. Stroik,* 175 Pa. Superior Ct. 10, 102 A. 2d 239. In a second information lodged against him he was charged with the same offense as

to Patricia A. McCleaf. Both of the girls were 16 years of age and both were wards of the Juvenile Court of Adams County. Defendant was represented by competent counsel of his own choice at the consolidated preliminary hearing on both charges. And after he was bound over and true bills were found by a grand jury he pleaded guilty to the charges of both indictments, on the advice of his counsel. His counsel was present also and represented him at the time of sentence. He was sentenced on the two convictions to concurrent terms of imprisonment in the Allegheny County Workhouse of from 1½ to 3 years. He has appealed from the judgments of sentence, in propria persona.

From a review of the evidence contained in the transcript of the justice it appears that Dorothy Little testified that about 9 p.m. on the evening of June 13, 1958 the defendant called her on the telephone at the place of her employment and invited her to come to his house "to hear some records." Defendant's wife and child had been away from the home for some time and Dorothy was acquainted with this fact. She nevertheless complied with his suggestion and stayed at his house until about midnight. While there she drank 6 glasses of beer which were served her by the defendant, or which she helped herself to from the kitchen. Because of the lateness of the hour and the fact that she was violating the terms of her probation, she was afraid to go home and after spending some time with a girl friend she slept in her brother's car in front of her home for the rest of the night and until about 8 o'clock in the morning. When she told her father that she had been drinking in the home of the defendant he immediately filed the present charges. The second girl Patricia McCleaf, according to the transcript, testified that she was supposed to be home

at 11 o'clock on the same night, but that on the invitation of the defendant she spent the night in his house and did not arrive at her own home until 8 o'clock the following morning. She drank sloe gin and cans of beer during the evening; some of the drinks were given to her by the defendant and she helped herself to the others. At the time of sentence, as recited in Judge SHEELY'S opinion, the McCleaf girl stated that she had become intoxicated and that during the night the defendant had sexual relations with her, as a result of which she became pregnant.

The defendant is 24 years of age and is a barber by trade. At the time of sentence a third girl appeared and stated to the court that the defendant had asked her to induce the Little and McCleaf girls to tell the sentencing judge that the defendant's wife and child were present in the house on the night in question. Trostle denied that he had relations with the McCleaf girl. Under the above section of the 1933 Act it was presumed that the defendant had knowledge that the girls were but 16 years of age and also that the jurisdiction of the juvenile court had attached to both of them; the defendant did not deny having such knowledge until after he took this appeal.

There is no merit in any of the defendant's complaints. Both of the informations lodged with the justice, and the indictments, charged the offenses in the language of the 1933 Act, supra. But even if there were formal defects in the indictments it is too late for the defendant to object to them now. The fact that the defendant entered a plea of guilty on each of the indictments operates as a waiver of any such defects (*Com. ex rel. Jenkins v. Ashe,* 341 Pa. 334, 19 A. 2d 472) and this is especially so since defendant pleaded guilty to the indictments on the advice of his counsel. The indictments contained averments of all

relevant matters except the defendant's alleged adultery with the McCleaf girl. If he was surprised by this charge, the court undoubtedly would have allowed him to withdraw his plea and stand trial before a jury, but he made no such application either for himself or through his attorney who was present. The opinion of the sentencing judge implies some doubt as to the truth of the charge by the McCleaf girl, of intercourse, because "She had previously stated that he did not have relations with her." In any view, whether that accusation had any effect on the sentence of the defendant on bill 26 is no ground for setting it aside. The maximum sentence for the offense to which defendant pleaded guilty is a fine of $500 and simple imprisonment for a term of 3 years. No fine was imposed on either bill and the court properly (under the Act of June 19, 1911, P.L. 1055, as amended, 19 PS §1057) imposed a minimum and a maximum term of imprisonment of not more than 3 years authorized by the Act. Since therefore, the sentences imposed were within the limits fixed by law, we will not inquire into the judge's reasons for the penalties imposed. *Com. ex rel. Spader v. Myers*, 187 Pa. Superior Ct. 654, 145 A. 2d 870.

Judgments of sentence affirmed.