Commonwealth ex rel. Larkins, Appellant, *v.* Keenan.

Submitted November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William Larkins,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 12, 1962:

This is an appeal by a prisoner from an order of the Court of Common Pleas of Allegheny County refusing him a writ of habeas corpus.

The petitioner was sentenced on January 13, 1960, to serve from 30 days to 23 months in the Allegheny County Workhouse after conviction on a charge of failure to stop his vehicle at the scene of an accident.[1]

---

[1] The penalty for violation of this provision is simple imprisonment (See §1027 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1027) but the amendment of September 26, 1951, P.L. 1460 to §6 of the Act of June 19, 1911, P.L. 1055, 19 P.S. §1057, authorizes the court to pronounce a sentence for an indefinite term.

The petitioner was released on parole on February 11, 1960. While on parole, he committed an assault with intent to ravish for which he was convicted and sentenced to serve from two to four years in the Allegheny County Workhouse. Thereafter, on May 19, 1961, he was brought before the Court of Quarter Sessions where his parole was revoked, and an order was entered directing him to serve an additional 18 months on The Vehicle Code violation.

In his petition for a writ of habeas corpus, he contends that he has received two sentences for the one violation of The Vehicle Code, and that the second "sentence" of 18 months is illegal. His return to the Workhouse on The Vehicle Code violation was not a second sentence for that violation, but a recommitment for the violation of his parole. See §10 of the Act of June 19, 1911, P.L. 1055, as amended, 61 P.S. §305 and §1 of the Act of June 19, 1911, P.L. 1059, as amended, 61 P.S. §314; *Com. ex rel. Meinzer v. Smith*, 118 Pa. Superior Ct. 250, 180 A. 179 (1935); *Com. ex rel. Haun v. Cavell*, 190 Pa. Superior Ct. 346, 354, 154 A. 2d 257 (1959).

When recommitting the prisoner for violation of parole, the court had no statutory authority to designate the specific period of 18 months as the additional time for the prisoner to serve. Whether the petitioner is required by statute to serve all of the balance of 22 months remaining on the sentence imposed under The Vehicle Code, or whether the court may reparole him after the recommitment of May 19, 1961, and, if so, whether the designation of 18 months constitutes a reparole made at the time of recommitment to be effective 18 months later are questions not before us on this appeal.

Whatever the answers are to these questions, there is no doubt that the prisoner is legally confined at this time, and is, therefore, not entitled to a writ of habeas

corpus. *Com. ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 160, 149 A. 2d 501 (1959); *Com. ex rel. Dixon v. Johnston*, 188 Pa. Superior Ct. 595, 149 A. 2d 473 (1959).

Order affirmed.