**UNITED STATES of America ex rel.**
**Joseph GAITO**

v.

**Alfred T. RUNDLE, Superintendent State Correctional Institution, Philadelphia, Pennsylvania.**

Misc. No. 2471.

United States District Court
E. D. Pennsylvania.

Jan. 30, 1963.

FREEDMAN, District Judge.

The relator has filed a petition for a writ of habeas corpus attacking his conviction and sentence in the Courts of Oyer and Terminer and Quarter Sessions of Allegheny County. He was sentenced to imprisonment for not less than 10 nor more than 20 years on a conviction of burglary (Oyer and Terminer, April Session 1959, No. 15), and for not less than 3½ nor more than 7 years on a conviction of assault and battery with intent to kill (Quarter Sessions, April Session 1959, No. 46). He was also convicted of violating the Firearms Act of 1939 (Quarter Sessions, April Session 1959, No. 47), but sentence thereon was suspended. The two sentences to imprisonment totalling not less than 13½ nor more than 27 years, were to run consecutively, commencing after the expiration of his imprisonment on another offense not now before us. The sentences were affirmed by the Superior Court of Pennsylvania. See Commonwealth v. Gaito, 195 Pa.Super. '56, 172 A.2d 184 (1961), where the circumstances leading to the conviction of the relator are detailed. An application for appeal to the Supreme Court of Pennsylvania was refused and certiorari was denied by the

Supreme Court of the United States, 368 U.S. 998, 82 S.Ct. 623, 7 L.Ed.2d 535.

The information before us consists of the petition, an answer filed by the Superintendent of the State Correctional Institution in Philadelphia, a motion to dismiss filed by the District Attorney of Allegheny County, and the relator's answer to the motion to dismiss, as well as our own investigation of the records of the Superior Court of Pennsylvania. The present petition is replete with allegations of misconduct by the prosecuting authorities and other acts of grave injustice to the relator. They need not here be recited, for the questions raised are not appropriate for our consideration at this time. Two basic reasons for this conclusion clearly appear from the facts now before us: (1) petitioner has failed to exhaust his State remedies; and (2) he is not now confined under the sentences which he here attacks.

■ 1. Following the affirmance by the Superior Court of Pennsylvania on June 15, 1961, of his conviction and sentence the relator filed two separate petitions for habeas corpus in the Common Pleas Court of Allegheny County. One petition was filed on June 4, 1962 (July Term 1962, No. 2841) and the other on June 5, 1962 (July Term 1962, No. 2893). Each petition was denied on the day it was formally filed.[1] In each instance the petitioner appealed to the Superior Court (April Term 1962, Nos. 268, 269) and the appeals were returnable for argument during the week commencing the second Monday of November 1962. In each case the petitioner, on October 29, 1962, applied for a continuance, which the Superior Court granted on November 1, 1962, by an order which continued the argument to the session commencing the second Monday of April 1963.

The appeals now pending in the Superior Court of Pennsylvania raise substantially the same questions as are presented in the petition before me. Clearly,

therefore, the petitioner has not exhausted his State remedy. On the contrary, he is simultaneously pursuing a State remedy, and his efforts in the State court will soon reach the point of argument and decision. We will not now pass upon an application which is awaiting decision by the State court. For this reason alone, therefore, the present application must be denied.

■ 2. Although the petition makes no reference to the basis of petitioner's present incarceration, the answer filed by the Superintendent of the State Correctional Institution indicates that the relator has not yet begun to serve the sentences of which he complains, which were imposed by Judge Clark. The answer indicates rather that the relator is presently serving a sentence imposed on February 19, 1960, about five months prior to the sentences of which he complains. The sentence of February 19, 1960, was imposed by Judge J. Frank Graff for a total term of not less than 17 nor more than 37 years, as follows: 10 to 20 years for armed robbery (September Session 1959, No. 89); 3½ to 7 years for assault with intent to kill (September Session 1959, No. 389); 2½ to 5 years for assault with intent to kill (September Session 1959, No. 288); and 1 to 5 years for assault with intent to kill (September Session 1959, No. 275). These terms were to run consecutively, commencing February 19, 1960. As pointed out by McNaugher, P. J., in his opinion of June 5, 1962, dismissing the earlier petitions for habeas corpus, the relator is not now serving the sentences of which he complains.

■ It is fundamental, of course, that habeas corpus will not lie to attack a sentence which is not the cause of the petitioner's present confinement. "A sentence which the prisoner has not begun to serve cannot be the cause of restraint which the statute makes the subject of inquiry.": McNally v. Hill, 293

---

1. Each petition had been presented to the court some time earlier and was filed by allowance of the court without the payment of the filing fees at the time the action of the court was entered.

U.S. 131, 138, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

Each of the reasons we have briefly described requires that the petition for habeas corpus be denied.