## Commonwealth ex rel. Mallory v. Myers

*Andrew R. Mallory,* p. p., realtor.

*James C. Crumlish, Jr.,* District Attorney, and *Gordon Gelfond,* Assistant District Attorney, for respondent.

GUERIN, J., March 6, 1963.—Relator's petition for a writ of habeas corpus assigns the following reasons for the granting of his petition:

1. The sentence was excessive.

2. The sentence was not supported by the evidence, and the Commonwealth failed to prove the crime of burglary.

3. There is repeated the assertion that the Commonwealth failed to show that the crime of burglary was committed; that the sentence on the aggravated assault and battery conviction should not have exceeded the sentence "for simple assault and battery, as there was no body injury to the prosecutrix."

4. It is difficult to understand the averments of this paragraph, but it purports to deal with a conviction based upon a confession.

5. There is repeated the statement that relator had not been shown guilty of the crime of burglary. He raises the question of the burden of the Commonwealth to prove that, when he entered the dwelling house, he had the intent to commit a felony. This paragraph also deals with the legal sufficiency of, and alleged errors in, the charge of the trial judge. Relator also questions his conviction on the ground of lack of sufficient circumstantial evidence to warrant his conviction.

As to reason number 1, the sentences were within the limits fixed by law. Under such circumstances there may be no inquiry into the reasons of the sentencing

judge for the penalty imposed: Commonwealth v. Trostle, 189 Pa. Superior Ct. 200; Commonwealth ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169.

As to reason number 2, this might constitute a reason for a motion for a new trial, but a petition for a writ of habeas corpus may not be substituted for such a motion. The appellate authorities for this principle of law are legion and need not be cited.

As to reason number 3, this must also be rejected on the same basis as employed in disposing of reason number 2.

As to reason number 4, the writer of this opinion presided at relator's trial. We have since reviewed the entire record, and have confirmed our recollection that there was no question of a confession brought out in the entire trial. None was involved.

As to reason number 5, we have already disposed of the repetitious averment that relator had not been shown guilty of the crime of burglary. With respect to the burden of the Commonwealth, we quote in part from the charge of the trial judge:

"Now, therefore, if you find, beyond a reasonable doubt, that this defendant entered these premises with intent to commit a felony, and the felony charge is the felony of larceny, that would warrant a verdict of guilty of burglary."

After defining larceny, the trial judge continued:

"The defendant has frankly admitted that he intended to take things for the purpose of enriching himself.

"Therefore, there is that evidence, if you believe the testimony of the Commonwealth, supplemented by the admission of the defendant, that there was an intent to commit a felony of larceny.

"Then, you must go a step further and determine whether or not he entered the premises there with an intent in his mind to commit that felony. You must be-

lieve he had that intent in mind. The only way you can judge the processes going on in the mind of an individual, and the only way you can come to a conclusion as to his intent, is by the consideration of the acts performed by him."

It is readily apparent that the trial judge was excessively cautious in his instructions to the jury as to the burden of the Commonwealth, perhaps more so than the circumstances of the case warranted.

All of the reasons given by relator in his petition deal with questions which are not properly raised in an application for a writ of habeas corpus. In addition to the authorities above cited, see also Commonwealth ex rel. Patrick v. Banmiller, 398 Pa. 163; Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451.

In the interest of justice we feel that attention should be called to proceedings which occurred subsequent to the trial of the case. At pages 217 et seq., of the notes of testimony, the following appears:

"Mr. Wertheim: (counsel for defendant) If Your Honor please, on the date of trial I asked leave to file a motion for a new trial within four days and did so file that motion on the 16th of May. Now in the presence of the defendant, sir, I move to have that motion withdrawn and, for the record, I would like to make sure that the defendant understands this.

"The Court: Very well.

"Mr. Wertheim: Andrew, you understand that a motion for a new trial has been filed on your burglary* charge and a motion in arrest of judgment?

"The Defendant: Yes.

"Mr. Wertheim: And you understand that, in my opinion, there is some basis legally for that motion, is that right?

"The Defendant: Yes, sir.

---

*No motions were filed with respect to the charge of aggravated assault and battery.

"Mr. Wertheim: Are you now willing to have that motion withdrawn, understanding that if it is withdrawn you will now be sentenced?

"The Defendant: I understand.

"Mr. Wertheim: And you are willing to have it withdrawn and want it withdrawn?

"The Defendant: Yes."

For the foregoing reasons we dismissed the petition and denied the writ.