Commonwealth ex rel. Clouthier, Appellant, *v.* Maroney.

Submitted June 12, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John J. Clouthier*, appellant, in propria persona.

*Burton Satzberg* and *Arlen Specter*, Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for appellee.

OPINION BY RHODES, P. J., September 12, 1963:

This is an appeal by relator from an order of President Judge SLOANE of the Court of Common Pleas No. 1 of Philadelphia County, dated March 26, 1963, dismissing his petition for a writ of habeas corpus without a hearing.

Relator was indicted by the grand jury on seven indictments (Nos. 169-175, inclusive, February Sessions, 1960), each charging burglary, larceny, and receiving stolen goods. Upon arraignment relator first entered a plea of not guilty. On April 13, 1960, being then represented by counsel, relator changed his plea to guilty on all seven indictments. Sentence of seven and a half years to fifteen years at the State Correctional Institution at Philadelphia was imposed on Bill No.

169 by Judge SPORKIN. Sentence was suspended on the six remaining bills.[1]

On appeal relator raises the same two questions as in his original petition in the court below:

1. Relator was apprehended and arrested *flagrante delicto,* in the commission of a burglary, wearing a stolen coat. Search of his person disclosed a key to a locker in a bus terminal which when opened contained various articles of stolen property. Relator's first point is that this evidence was used against him in violation of his constitutional rights, and was obtained through an unreasonable search and seizure under *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. Here, as in *Com. ex rel. Marshall v. Maroney,* 198 Pa. Superior Ct. 85, 87, 181 A. 2d 852, 853, "The guilty plea obviated the necessity of a trial; hence, no question of a trial or conviction based on illegal evidence obtained through a possibly unreasonable search and seizure arises or is involved." To the same effect, see *Com. ex rel. Kirby v. Maroney,* 199 Pa. Superior Ct. 601, 186 A. 2d 424. The decision in *Mapp v. Ohio,* supra, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 1081, has no application to the present petition, and in any event is generally prospective. Cf. *Com. v. Mancini,* 198 Pa. Superior Ct. 642, 646, 184 A. 2d 279, certiorari denied 372 U.S. 911, 83 S. Ct. 725, 9 L. Ed. 2d 720. Furthermore, an officer making a valid arrest may search and take from the prisoner any articles which are the fruits or facilities of the crime. *Com. v. Czajkowski,* 198 Pa. Superior Ct. 511, 516, 182 A. 2d 298.

---

[1] Relator also filed a petition for the appointment of counsel by this Court on appeal in the habeas corpus proceeding. This was denied. "We know of no legal or constitutional requirement that counsel be appointed to represent individuals who institute actions in habeas corpus." *Com. ex rel. Dickerson v. Rundle,* 411 Pa. 651, 653, 192 A. 2d 347, 348. See, also, *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811.

2. Relator's second contention is that the sentencing judge was prejudiced and imposed a severe sentence because of a hearsay statement by the Assistant District Attorney that relator would not co-operate with the police and had recanted his previous agreement to name his accomplices. Where "the sentences imposed were within the limits fixed by law, we will not inquire into the judge's reasons for the penalties imposed." *Com. v. Trostle,* 189 Pa. Superior Ct. 200, 204, 150 A. 2d 152, 154. See, also, *Com. ex rel. Kimble v. Keenan,* 194 Pa. Superior Ct. 169, 174, 166 A. 2d 668. A proceeding held to determine sentence is not a trial, and the court in sentencing may receive any relevant information for the purpose of determining the penalty. *Com. v. Orsino,* 197 Pa. Superior Ct. 306, 314, 178 A. 2d 843. "The due-process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure." *Williams v. New York,* 337 U.S. 241, 251, 69 S. Ct. 1079, 93 L. Ed. 1337, 1344.

The order of the court below is affirmed.