## Commonwealth ex rel. Camara, Appellant, *v.* Myers.

Submitted June 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alfred Camara,* appellant, in propria persona.

*Gordon Gelfond* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 12, 1963:

This is an appeal by relator from an order of Judge WEINROTT of the Court of Common Pleas No. 5 of Philadelphia County dismissing his petition for a writ of habeas corpus without a hearing.

Relator was indicted on April 19, 1960, on seven bills of indictment, Nos. 927, 929, and 930, September Sessions, 1960, each charging burglary, larceny, and receiving stolen goods; Nos. 931, 932, and 933, each charging fraudulently making, uttering and publishing a written instrument; and No. 936, charging conspiracy. Upon arraignment on May 2, 1960, relator pleaded not guilty to all indictments. On April 29, 1960, the office of the Voluntary Defender entered appearance for relator. When the cases were called for trial on June 29, 1960, relator, being then represented by the Voluntary Defender, changed his plea to guilty on all indictments. Concurrent sentences of not less than seven years nor more than fifteen years were imposed on Bills Nos. 927, 929, and 930. Consecutive five-year periods of probation to begin at the expiration of the prison sentence were provided as to Bills Nos. 931, 932, and 933. On Bill No. 936, sentence was suspended.

Testimony taken on the pleas of guilty shows relator, with accomplices, burglarized several business establishments, including relator's place of employment, and subsequently fraudulently negotiated checks taken therefrom. Under examination by his counsel, Martin Heckscher, relator freely admitted his guilt on all charges and took the blame for involving one of his accomplices in the crimes.

Appellant asserts that his extradition from Texas was illegal. The record shows he waived extradition and voluntarily returned to Pennsylvania. In any event, "A prisoner who is regularly indicted and tried under the laws of a state where the crime was committed is not deprived of due process of law under the

Fourteenth Amendment by the manner in which he is brought from another jurisdiction." *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 421, 72 A. 2d 150, 154; *Com. ex rel. Patton v. Tees,* 179 Pa. Superior Ct. 605, 608, 118 A. 2d 585.

Appellant's allegation that he was indicted for "a crime he did not commit" is of no avail on habeas corpus in view of his pleas of guilty freely entered under representation by counsel. *Com. ex rel. Gouch v. Myers,* 196 Pa. Superior Ct. 285, 288, 175 A. 2d 158; *Com. ex rel. Clouthier v. Maroney,* 201 Pa. Superior Ct. 493, 193 A. 2d 640.

The sentences were within the statutory limits, and the court's discretionary power in imposing sentence is not subject to review on habeas corpus. *Com. v. Trostle,* 189 Pa. Superior Ct. 200, 204, 150 A. 2d 152; *Com. ex rel. Kimble v. Keenan,* 194 Pa. Superior Ct. 169, 174, 166 A. 2d 668. Appellant's attack on the suspended sentence and consecutive five-year probationary periods to begin at the expiration of his prison term cannot be raised in the present habeas corpus proceeding. Appellant is presently confined under a legal sentence and cannot now obtain his release on habeas corpus. *Com. ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 160, 149 A. 2d 501; *Com. ex rel. Larkins v. Keenan,* 199 Pa. Superior Ct. 572, 575, 186 A. 2d 852.

Finally, appellant states that the trial judge prejudiced him by not granting a pre-sentence psychiatric examination in accordance with the request of counsel. The sentencing judge indicated appellant would receive treatment "at the Eastern Penitentiary or Diagnostic Clinic." The grant or refusal of a request for a psychiatric examination in connection with sentence is within the discretion of the sentencing judge. *Com. ex rel. Mulligan v. Smith,* 156 Pa. Superior Ct. 469, 474, 40 A. 2d 701; *Com. v. Gossard,* 385 Pa. 312, 318, 123 A.

500

2d 258. In any event, such matter is properly raised by an appeal and is not reviewable on habeas corpus, which is not a substitute for an appeal. *Com. ex rel. Stoner v. Myers,* 199 Pa. Superior Ct. 341, 346, 185 A. 2d 806. No hearing was necessary on relator's petition for writ of habeas corpus as no issues of fact were raised. Under such circumstances, the matter may be determined on questions of law. *Com. ex rel. Coffman v. Keenan,* 198 Pa. Superior Ct. 80, 82, 182 A. 2d 288.

The order of the court below is affirmed.