**UNITED STATES of America, ex rel. John J. CLOUTHIER, Petitioner,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania, Respondent.**

**Misc. No. 3403.**

United States District Court
W. D. Pennsylvania.

Jan. 5, 1964.

ROSENBERG, District Judge.

The petitioner is now incarcerated in the State Correctional Institution at Pittsburgh, Pennsylvania. He now petitions for a Writ of Habeas Corpus. The petition contains approximately 35 pages of finely handwritten matter, but nothing as an historical aid to the procedure of the case.

I, therefore, adopt the historical portion of the opinion of President Judge Rhodes of the Pennsylvania Superior Court as contained in Commonwealth ex rel. Clouthier v. Maroney, 201 Pa.Super. 493, at page 494, 193 A.2d 640, at page 641, in the following words:

"Relator was indicted by the grand jury on seven indictments (Nos. 169–175, inclusive, February Sessions, 1960), each charging burglary, larceny, and receiving stolen goods. Upon arraignment relator first entered a plea of not guilty. On April 13, 1960, being then represented by counsel, relator changed his plea to guilty on all seven indictments. Sentence of seven and a half years to fifteen years at the State Correctional Institution at Philadelphia was imposed on Bill No. 169 by Judge Sporkin. Sentence was suspended on the six remaining bills. * * *"

Since the petition does not set out any substantial questions of fact, I do not deem it necessary to provide a hearing. Brown v. Allen, 344 U.S. 443, 460, 465, 79 S.Ct. 397, 97 L.Ed. 469 (1952); Schlette v. People of the State of California, 9 Cir., 284 F.2d 827, cert. denied 366 U.S. 940, 81 S.Ct. 1664, 6 L. Ed.2d 852.

The petition charges failure to provide counsel. The opinion of the Superior Court indicates that the petitioner was represented by counsel at his hearing. Since a former petition has been presented to Judge Dumbauld of this Court and he, on November 5, 1962, made a determination on this very question, I deem it unnecessary to reconsider the same charge of lack of court appointed counsel. See Miscellaneous No. 3051.

There is, however, one question of law presented which I believe merits consideration, and that is: Was the evidence obtained in the locker at the bus station a denial of due process under the Fourteenth Amendment of the United States Constitution?

The petitioner does not attack his arrest, but only the use of a key which was on his person at the time of the arrest. It appears that the police used this key to open a locker at the bus station and there procured the stolen goods for which he had been charged with the commission of the crime.

The petitioner makes no charges or denials of charges against him which can help him here. It appears that he voluntarily surrendered the key with his other possessions to the police at the time he was arrested. It appears also that his person was taken in accordance with due process of law. It would appear then that everything on his person, including the key, would come into the custody of the police by due process. Under these circumstances the key, itself, was and could be used as evidence against him. Since the key could be used as evidence against him, why not everything for

which it stood, or to which it lent any significance? Accordingly, the very fact that it opened a particular locker at the bus station was significant, and the fact that the locker contained stolen goods which was the subject-matter involving him in the crimes for which he was charged, is legally relevant. Without anything more, there can be no charge by the petitioner of violation of any constitutional rights.

The petition for a Writ of Habeas Corpus will therefore be denied.