Commonwealth ex rel. Davis, Appellant, *v.* Banmiller.

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, ERVIN, WATKINS, and MONTGOMERY, JJ. (WOODSIDE, J., absent).

*Thomas H. Davis,* appellant, in propria persona, submitted a brief.

*Earl Richard Etzweiler,* Assistant District Attorney, with him *Martin Lock,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 13, 1960:

This is an appeal by Thomas H. Davis from the order of the Court of Common Pleas of Dauphin County dismissing the petition of Thomas H. Davis for writ of habeas corpus without hearing.

Davis had plead guilty to four larceny charges. The appellant has previously presented two petitions for habeas corpus in Dauphin County on the same charges as are now under consideration, which petitions were refused. See 68 Dauphin County Reports 178 (1955); 69 Dauphin County Reports 247 (1956).

Appellant first contends that the Court of Common Pleas was in error in dismissing his petition without a hearing. Where no material or substantial questions of fact are involved and where the questions presented are questions of law, no hearing for the taking of testimony is necessary: *Com. ex rel. Smith v. Cavell,* 187 Pa. Superior Ct. 214, 144 A. 2d 505.

Appellant next contends that the Court of Quarter Sessions did not have jurisdiction. The record shows that Davis was a literate juvenile, 17 years and 11 months of age, when he was arrested on September 2, 1945 on four charges of larceny. Following a Juvenile Court hearing on September 24, 1945 before Honorable ROBERT E. WOODSIDE, now a member of this Court, the case was certified to the Quarter Sessions Court in view of the petitioner's long record of juvenile delinquency involving, inter alia, the crimes of burglary, larceny, aggravated assault and battery and assault and battery. On September 27, 1945 the defendant, who was then over 18 years of age, having been born on Septemebr 23, 1927, pleaded guilty at a preliminary hearing before an alderman and on December 10, 1945 he again pleaded guilty before Judge WOODSIDE in Quarter Sessions Court. The action of the Juvenile Court in certifying the case to the Quarter Sessions Court for trial was clearly justified and not in error: *Trignani's Case,* 150 Pa. Superior Ct. 491, 28 A. 2d 702.

Appellant also contends that it was error for the court to permit him to plead guilty without the benefit of counsel. In *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, we said: "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness

actively operated in the process that resulted in his confinement." Nowhere does the appellant point out how he has been prejudiced or in what respect he suffered disadvantage or was handicapped by reason of lack of counsel. The appellant was 18 years of age when he was brought to trial. He was not a borderline illiterate. After attending schools in Baltimore and Harrisburg, he attained ninth grade in 1942-43. He had considerable experience in criminal procedure from being involved in approximately 16 offenses occurring prior to the four larcenies in question. He also knew the nature of his act when he signed the four indictments admitting his guilt for he had previously signed confessions to those crimes, confessed to them in juvenile court and also plead guilty to those crimes at a preliminary hearing. No error was committed by the court below for failure to appoint counsel.

Order affirmed.

WOODSIDE, J., did not participate in the consideration or decision of this case.