Commonwealth *v.* Davis, Appellant.

Argued December 12, 1963.   Before RHODES, P. J., WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN and WOODSIDE, JJ., absent).

*Sebastian D. Natale,* for appellant.

*John A. F. Hall,* Assistant District Attorney, with him *Martin H. Lock,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., March 19, 1964:

This is an appeal from the judgments of sentence of the Court of Quarter Sessions of Dauphin County.

On December 10, 1945, defendant, Thomas H. Davis, pleaded guilty, without aid of counsel, to four indictments charging larceny.  The pleas of guilty were heard by Judge ROBERT E. WOODSIDE in the Court of Quarter

Sessions of Dauphin County. Defendant was sentenced on each indictment for a term of not less than one year nor more than three years, to be served consecutively, or a total of not less than four years nor more than twelve years.

Defendant had a long history of juvenile delinquency when he entered his pleas of guilty before Judge WOODSIDE. Thereafter, defendant committed various parole violations, including convictions for crimes committed on parole—robbery in 1954 and larceny in 1958. He also filed numerous petitions for writs of habeas corpus. Judge KREIDER of Dauphin County refused a petition which alleged that lack of counsel constituted a violation of due process. The dismissal of the petition was affirmed by this Court. See *Com. ex rel. Davis v. Banmiller,* 192 Pa. Superior Ct. 130, 159 A. 2d 770. An allocatur was refused by the Supreme Court of Pennsylvania (192 Pa. Superior Ct. xxvi), and certiorari was denied by the Supreme Court of the United States (364 U.S. 846, 81 S. Ct. 89, 5 L. Ed. 2d 70). Subsequently the Supreme Court of the United States granted defendant's petition for certiorari, and, on June 17, 1963, remanded the case to the United States District Court for the Eastern District of Pennsylvania "for further consideration in light of Gideon v. Wainwright, 372 US 335, 9 L ed 2d 799, 83 S Ct 792, . . ." (10 L. Ed. 2d 1044). The District Court granted a writ of habeas corpus, and directed that defendant be given a new trial with counsel assigned by the court to represent him.

On September 13, 1963, defendant was tried before President Judge SOHN, without a jury, and was represented by court-appointed counsel. He was found guilty on all four indictments, and was sentenced on each for a term of not less than one and a half years nor more than five years, to run consecutively, or a total of not less than six years nor more than twenty years.

In imposing sentence defendant was given credit for time previously served on the prior sentences.

Defendant took the position that he should have been released and his sentences vacated. Defendant also contends that the more severe sentences imposed on the second convictions were excessive.

At the trial before President Judge SOHN, no post-conviction motions were filed; nor was the question of the severity of the sentences on the second trial raised in the court below. Ordinarily, matters not raised by proper post-conviction motions or considered in the court below cannot be invoked on appeal in this Commonwealth even though they involve constitutional questions. *Com. v. Clark,* 198 Pa. Superior Ct. 64, 67, 181 A. 2d 859. However, we shall dispose of the appeal on its merits.

In view of the order of the United States District Court, expressly directing a new trial on the charges made in 1945, defendant's contention that he should have been released is without merit. It is clear that, where a prisoner's conviction and sentence are invalid because he was not afforded a fair trial, on remand the state will be given a reasonable time within which to retry petitioner.[1] *Irvin v. Dowd,* 366 U.S. 717, 729, 81 S. Ct. 1639, 6 L. Ed. 2d 751, 759.

Where a conviction is set aside because legally invalid, the former proceeding is a nullity and leaves the indictments open and unsatisfied. "In legal contemplation, there never was a trial." *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 41, 63 A. 2d 77, 80. See, also, *Com. v. Gibbs,* 167 Pa. Superior Ct. 79, 86, 74 A. 2d 750.

---

[1] A plea of former jeopardy cannot be maintained here. "It is elementary in our law that a person can be tried a second time for an offense when his prior conviction for that same offense has been set aside by his appeal." *Forman v. United States,* 361 U.S. 416, 425, 80 S. Ct. 481, 4 L. Ed. 2d 412, 419.

The sentences imposed were not excessive. Where the sentences imposed are within the limits fixed by law, we will not inquire into the court's reasons for the penalties imposed. *Com. ex rel. Clouthier v. Maroney,* 201 Pa. Superior Ct. 493, 496, 193 A. 2d 640; *Com. ex rel. Camara v. Myers,* 201 Pa. Superior Ct. 496, 499, 193 A. 2d 642. Under the Act of June 24, 1895, P. L. 212, §8, 17 PS §192, this Court has the power to modify any "judgment or decree as it may think to be just, . . .". However, the extent of sentence is a matter within the discretion of the trial judge and will not be disturbed if within the statutory limits. *Com. v. Zelnick,* 202 Pa. Superior Ct. 129, 131, 195 A. 2d 171.

In imposing sentence, the court below could have taken into consideration the long record of defendant, his parole violations, and the fact that he entered pleas of guilty before Judge WOODSIDE. President Judge SOHN, as the trial judge, saw and heard defendant and the witnesses. The sentences imposed were within the limits prescribed by statute. On the record before us we find no reason for the modification of the sentences as excessive.

The judgments of sentence are affirmed.

ERVIN and WOODSIDE, JJ., took no part in the consideration or decision of this case.