Harvey Lee EUBANKS, Petitioner,

v.

C. T. GLADDEN, Warden of Oregon State Penitentiary, Respondent.

Civ. No. 64–54.

United States District Court
D. Oregon.

Oct. 23, 1964.

**130**

Walter H. Sweek, of Vergeer & Samuels, Portland, Or., for petitioner.

C. L. Marsters, Asst. Atty. Gen. of Oregon, Salem, Or., for respondent.

KILKENNY, District Judge.

Petitioner is an inmate of the Oregon State Penitentiary and instituted this habeas corpus proceeding against the warden after exhaustion of his state remedies.

The petitioner, on January 24, 1957, was sentenced in the circuit court of the state of Oregon for Douglas County, to confinement for an indeterminate period of time, not to exceed fifteen years, in the Oregon State Penitentiary. Shortly thereafter he entered into the custody of the respondent and commenced serving his sentence. The sentence was imposed after the entry of a plea of guilty to an information charging "assault & robbery being armed with a dangerous

weapon," he having previously executed a form entitled, "Waiver of Indictment."

Subsequently he instituted a proceeding in the circuit court of the state of Oregon against the warden, in which he sought certain post-conviction relief from the sentence so imposed in Douglas County. There he challenged the sufficiency of the original information and the validity of his waiver of right to have the subject presented to a grand jury. In January, 1960, a circuit judge of Marion County vacated and set aside said sentence on the ground that the petitioner was not given a fair and an impartial hearing at the time of sentencing, but denied him any relief on grounds essentially the same as set forth in his contentions number A,[1] B,[2] and C[3] under the pre-trial order in this cause.

Thereafter, on the 19th day of January, 1961, another judge in Douglas County resentenced the petitioner "for an indeterminate period of time, but not to exceed a period of fourteen (14) years and eleven (11) months, less credit for actual time served in the Oregon State Penitentiary * * * of four (4) years less six (6) days, leaving a balance of time to be served on this sentence of not to exceed a period of ten (10) years and eleven (11) months and six (6) days." No credit was mentioned in the judgment on this sentence for statutory good time.

■ Subsequently, he filed another post-conviction proceeding in the circuit court of Marion County, in which he made substantially the same contentions with reference to his right to relief, as he makes in the pre-trial order before this court and, insofar as conten-

1. "A. That the information upon which the petitioner was charged, arraigned and sentenced was defective in form in that the matters and allegations alleged therein were not sworn or attested to be true by the District Attorney, and the names of the complaining witnesses were not endorsed thereon, all of the foregoing being required by the law of the State of Oregon."

2 "B. That the information referred to in the preceding paragraph failed to state

a crime, namely the crime for which petitioner was sentenced and, therefore, the State of Oregon lacked jurisdiction over the subject matter of the case and the person of the petitioner."

3. "C. That the petitioner herein has never waived indictment since the form of waiver of indictment was not signed in open Court nor in the presence of the Judge."

tions A, B and C are concerned, the same as in the original post-conviction proceeding. Relief was denied in the second post-conviction proceeding and an appeal to the supreme court of the state of Oregon was dismissed "for want of substantial question of law." [4]

■ Petitioner's contention A has no merit. The Oregon Constitution [5] permits a district attorney to file an information, in lieu of an indictment, when a defendant, such as petitioner, waives the right of presentation to a grand jury. I find as a fact that the original information was properly signed by the district attorney. There is no requirement, under Oregon law, that the names of the complaining witnesses be endorsed on an information.

■■ A careful examination of the information, reveals that it is customary in form, and, most certainly informed the petitioner of the crime with which he was charged. In fact, the information, in my opinion, contains considerably more detail than required by the decisional law of the state of Oregon. A charge, such as this, in the language of the statute, is sufficient. State v. Reynolds, 229 Or. 167, 366 P.2d 524; Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 309 P.2d 192.

■■ The last point, on which petitioner obtained an adverse ruling in the original post-conviction proceeding, is that he never waived the indictment for the reason that the form of the waiver of the indictment was not signed in open court, nor, in the presence of the judge. There is no constitutional nor, for that matter, a statutory provision of the state of Oregon, which requires the signing of a written waiver. The Constitution [6] requires that the defendant appear before the court "and waive" an indictment. The record in this case clearly establishes that he was fully informed of his rights and that he waived those rights in open court. Furthermore, the record supports a finding of signing in open court.

■ I am completely satisfied with the correctness of the decision of the Oregon circuit court on all those points. Its decision is of some persuasion, even though it is not a court the opinions or decisions of which, are published. Aside from that, it is my belief that the Oregon Supreme Court would hold adversely to petitioner's contentions on these points.

Petitioner's next contention raises a number of interesting questions.[7]

Already, I have disposed of subdivision (1), in holding that the original judgment of conviction was valid.

■ Next, he contends that the sentencing judge in the post-conviction proceedings failed to conform to the requirements of the order, which set aside the prior sentence. I find that there was substantial compliance with such order.

4. The dismissal of an appeal in a post-conviction proceeding constitutes a decision on the merits. ORS 138.660.

5. Article VII, § 5.

6. Article VII, § 5.

7. "D. That the sentence of January 19, 1961, should be vacated and set aside for the following reasons:
   "(1) That the Judgment of conviction herein upon which the sentence is based is not valid for the reasons set forth in Paragraphs A. B. and C. above.
   "(2) That the sentencing by Judge Charles S. Woodrich was not in conformance with the Order of Judge George A. Jones vacating and setting aside the prior sentence.
   "(3) That under ORS 14.210(b) Judge Charles S. Woodrich lacked the capacity to re-sentence petitioner.
   "(4) That the sentence was imposed under ORS 163.280 as amended by Or.Laws, 1957, C. 640, sec. 2, when sentence ought to have been imposed under the stature [sic] as it existed prior to that amendment.
   "(5) That the sentence gives only credit for actual time served on the prior sentence and thereby deprives petitioner of his statutory credit for good time."

**132**

■ Also challenged is the jurisdiction of the resentencing judge to resentence. Petitioner claims that only the judge who presided at the time of conviction would be authorized to resentence.[8] Conceding, for the purpose of this decision only, that the cited section is applicable, it is my opinion that its provisions are subservient to the provisions of the Oregon Post-Conviction Hearing Act and, in particular, to the provisions of ORS 138.520 and ORS 138.640. This legislation necessarily contemplates the action of a judge, other than the one presiding at the original trial. For better or for worse, judges die, or are incapacitated, and, under the Oregon system, are subject to defeat at the polls.

■ His contention that he was sentenced under ORS 163.280, as amended by Chapter 640, Section 2, Oregon Laws, 1957, when sentence should have been imposed under the statute as it existed prior to the amendment, is not borne out by the transcript of the proceedings at the time of resentencing. Furthermore, the 1957 amendment did not change, alter, or, in any way modify the punishment as provided in the legislation existing at the time of the commission of the crime.

■ Finally, petitioner argues that the sentence imposed in January, 1961, deprived the petitioner of his statutory credit for good time. During the course of the arguments, the court requested counsel for respondent to state into the record the position of the State of Oregon on this contention. Permission was granted to add to the record the certificate of the respondent as to good time credited to petitioner. This certificate shows that petitioner, under the original sentence, if he maintained his good behavior until his release, would be entitled to a *good time date* of January 24, 1967. Under the present sentence, if he maintains his good behavior until he is released, his *good time date* for separation would be January 12, 1967. Obviously, this contention is without substance.

This opinion shall serve as my findings and conclusions.

The petition and this cause must be dismissed.