*9th Circuit:* Corey v. United States, 305 F.2d 232, 238–239 (1962), cert. denied, 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503 (1963).

*10th Circuit:* Word v. United States, 199 F.2d 625, 626 (1952), cert. denied, 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363 (1953).

**UNITED STATES of America ex rel. Donald E. STARNER**

**v.**

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, Appellant.**

**No. 16392.**

United States Court of Appeals Third Circuit.

Submitted April 7, 1967.

Decided May 25, 1967.

*D.C. Circuit:* Beck v. United States, 78 U.S.App.D.C. 10, 140 F.2d 169, 170 (1943).

1. Instead the United States Attorney undermined the caution on the rights to remain silent and consult counsel by immediately following it with questions which related to and emphasized the pendency of deportation.

John B. Fowler, III, Richard C. Snelbaker, Dist. Atty., Cumberland County, Carlisle, Pa., for appellant.

Donald E. Starner, pro se.

Before McLAUGHLIN and GANEY, Circuit Judges, and NEALON, District Judge.

## OPINION OF THE COURT

GANEY, Circuit Judge.

The petitioner herein, Donald E. Starner, was arrested on April 15, 1963, on a criminal information charging the commission of forgery on eight counts and burglary on two counts. A preliminary hearing was held before a Justice of the Peace at which time the petitioner admitted the charges and indicated his desire to plead guilty to all counts. He was later brought before one President Judge Dale F. Shughart of Cumberland County, on felony charges above stated, as well as two additional charges of driving a motor vehicle after suspension of his operator's privileges. The court, determining that the petitioner did not have legal counsel, advised him that it would appoint counsel, but the petitioner advised that he wished to proceed with the case without an attorney and the court then accepted the petitioner's plea of guilty to all charges.

On May 17, 1963, he was sentenced by President Judge Shughart to pay the costs of prosecution and undergo imprisonment for not less than two years or more than six years from April 14, 1963, on the forgery and burglary counts, and sentence on the two driving after suspension charges was suspended generally on his payment of the costs. On December 7, 1963, the petitioner filed a petition for writ of habeas corpus averring violation of his constitutional rights generally and specifically alleging that he was not provided with counsel during the police investigation and pre-court proceedings. After hearing, President Judge Shughart directed that the sentence imposed on the felony and burglary charges be vacated and set aside and the District Attorney instructed to submit an indictment to the Cumberland County Grand Jury to be convened at the May Term, 1964. Bail was fixed at $5,000, and the petitioner advised by the court that it would appoint counsel if he would file the necessary affidavit that he was unable to engage the same. This was done and the court appointed counsel whose appointment was later revoked and petitioner retained his own counsel. On May 5, 1964, the Grand Jury returned true bills of indictment on all eight counts of forgery and two counts of burglary and bail was fixed at $3,000, which petitioner produced, and he was released from custody.

On July 17, 1964, one month after being released on bail, the petitioner was again arrested on crimes committed since his release which included fifteen counts of forgery and two counts of burglary. At the trial of these cases, President Judge Shughart sustained a demurrer to the evidence as to all of them and dismissed the charges.

At the trial of the previous charges, which had been vacated, the petitioner pleaded not guilty, being represented by counsel, and the District Attorney withdrew the two counts of burglary from the case leaving only for the jury's consideration the eight counts of forgery. The next day petitioner was found guilty on all eight counts of forgery and on November 3, 1964, President Judge Shughart directed the petitioner to pay the costs of prosecution, to make restitution and undergo imprisonment for not less than three and one-half nor more than seven years, with credit to be given for time served on the same charge prior thereto less the time the defendant was free on bail.

On or about January 16, 1965, the petitioner forwarded a petition for writ of habeas corpus in the Court of Cumberland County, alleging the sentence imposed was unconstitutional in that it constituted cruel and harsh punishment since it was for less counts in the indictment than the previous indictment to which he had pled guilty and to which he had received a lesser sentence. The

Court of Cumberland County having denied the petition, he appealed to the Superior Court of Pennsylvania, which refused the same, and he took an appeal to the Supreme Court of Pennsylvania which, likewise, refused the same, and on September 2, 1966, he submitted his petition for writ of habeas corpus to the United States District Court for the Middle District of Pennsylvania, raising many of the same contentions he had raised in the Pennsylvania courts and which form the basis of the present proceedings. The lower court, upon full hearing and by opinion and order dated November 7, 1966, adjudged the petitioner was illegally detained and discharged him from respondent's custody, staying the execution of the order for thirty days to permit the Commonwealth to seek review of its decision or to resentence the petitioner. The District Attorney of Cumberland County, on November 30, 1966, filed this notice of appeal on behalf of the appellant and the matter is before us now for decision.

The sole issue in this case is the right of a State court to increase punishment following a new trial where the first sentence imposed on the prisoner's plea of guilty is less and vacated on the prisoner's contention that he was denied counsel as required by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

The court below held the second sentence to be unconstitutional because of the insufficiency of the sentencing court's reasons for imposing a greater sentence on fewer counts at the trial of the cause before a jury than was given the petitioner on his plea of guilty earlier, citing Patton v. State of North Carolina, D.C., 256 F.Supp. 225. This was error.

As to this, it is submitted, we think the trial court acted properly within the laws of the Commonwealth of Pennsylvania, was confirmed by the Superior Court in Commonwealth v. Davis, 203 Pa. Super. 79, 198 A.2d 649 (1964). Here, the defendant was sentenced in 1945 on a plea to each of four indictments for a term of one to three years, the sentences to be served consecutively. In 1963, he successfully invoked the authority of Gideon v. Wainwright, supra, and a new trial was awarded at which time the jury convicted him on the same four indictments for forgery less two for burglary. The sentence on the retrial was imprisonment for one and one-half to five years on each indictment to be served consecutively. On appeal to the Superior Court, it was held that the sentence was not excessive for that where the sentence is imposed within the limits fixed by law, it would not inquire into the court's detailed reasons for the penalties imposed, citing Commonwealth ex rel. Clouthier v. Maroney, 201 Pa.Super. 493, 496, 193 A. 2d 640; Commonwealth ex rel. Camara v. Myers, 201 Pa.Super. 496, 499, 193 A.2d 642.

Under the Act of June 24, 1939, P.L. 872, Sec. 1014, 18 Purdon's Statutes, Sec. 5014, forgery is defined as a felony and the penalty therefor is " * * * a fine not exceeding five thousand dollars ($5,-000), or undergo an imprisonment, by separate or solitary confinement at labor, not exceeding ten (10) years, or both."

Accordingly, it can be said the later sentence imposed by Judge Shughart was well within the limits fixed by the law, as the petitioner could have been sentenced for a period up to ten years on each count. Here, the decision to impose the sentence given was within the discretion of the trial judge who had an opportunity to see and hear the accused and his witnesses. The trial judge below concluded, "No prisoner should be punished for obtaining a new trial nor for pleading not guilty." However, the record does not disclose that he was.

■ In Marano v. United States of America, 1 Cir., 374 F.2d 583, an opinion by Chief Judge Aldrich of the First Circuit, the court reaches the same conclusion as was arrived at in Patton v. State of North Carolina, supra. However, it places its judgment on grounds which can be distinguished from the instant case, in that it stated it could not affirm

for two reasons, (1) that it was clear from the court's statement that the new circumstances which were developed at trial were not the sole reasons for the increase in sentence, and (2) that the court might not have considered a new presentence report, neither of which circumstances are disclosed in our record. Furthermore, we cannot agree with that portion of the court's opinion which states, "As we have recently held, defendant's right of appeal must be unfettered. Worcester v. Commissioner of Internal Revenue, 1 Cir., 1966, 370 F.2d 713. So far as sentence is concerned, this principle cannot be restricted to those situations in which a defendant, in deciding whether to appeal, *must contemplate the certainty of an increased sentence* if he obtains a new trial and is convicted again. *Not only must he not be faced with such certainty*, Worcester v. Commissioner of Internal Revenue, supra, he likewise should not have to fear even the possibility that his exercise of his right to appeal will result in the imposition of a direct penalty for so doing." (Italics ours.) We differ with the court's opinion for the reason that we cannot properly speculate that the court certainly will increase the sentence, after a new trial. To so hold would seem to trespass the integrity of the trial judge who, upon hearing all the evidence, with the whole panorama of defendant's crime laid out before him, conscientiously passes sentence in accordance therewith, even though here the defendant did not take the stand nor call witnesses on his behalf. The sentence thus imposed by the trial judge cannot, in any sense, be said to be for his appealing, unless we again attribute to him a base motive— penalizing him for his appeal, conduct unworthy of the name of judge—rather than for his weighing and evaluating the measure of defendant's crime and passing sentence thereon, in the light of the wider, factual area encompassed by the trial which, in most instances, is far more revealing than those factual elements taken into consideration in the imposition of sentence upon a plea of guilty. While we are wholeheartedly in agreement with the principles laid down in Gideon v. Wainwright, supra, it must be conceded that only the fact of not being represented by counsel in the pre-court proceedings gave him the second opportunity to plead his case and he chose to go to trial and have a jury test the accusations against him. When he appeared and entered a plea of not guilty at the second trial, the slate had been wiped clean and it was an entirely new case and bore no relationship whatsoever to his previous plea of guilty which he had entered.

Furthermore, there is much to be said for the Commonwealth's position that on a plea of guilty the defendant has already entered on the rehabilitative process, that he is purging himself thereby of his wrongdoing, and it must be conceded that a sense of contrition therefor must have motivated his conduct and, accordingly, consideration might well be given therefor. However, when he elects to have his case retried before a jury, he takes a chance after conviction on the trial judge's discretion in sentencing him. In Robinson v. Johnston, D.C., 50 F.Supp. 774, one Robinson, a prisoner at Alcatraz, filed a petition for habeas corpus in 1939, alleging that he had not been represented by legal counsel and was sentenced under the Lindbergh Act for the crime of kidnapping. A new trial was granted, counsel obtained for him, the jury convicted him and the court sentenced him to death. The sentence was affirmed by the Circuit Court of Appeals, Robinson v. United States, 144 F.2d 392, 393, and by the Supreme Court of the United States at 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 629. Undoubtedly, it would therefore seem to be the rule in the federal system that a trial judge, when a new trial is ordered, may impose a sentence greater than one he had earlier vacated, and that it is unnecessary to articulate the reason for any differentiation in the term of the sentence. Furthermore, it has always been the rule in both the federal and state system that leniency is always extended on pleas of

guilty that is not extended when defendants go to trial and the petitioner, having had competent counsel, must have been aware of this situation. Additionally, the fact that the judge, in sentencing the petitioner, adverted to this leniency in pleading guilty, in no wise affected the sentence he imposed.

 It is submitted it would be a flagrant trespass of an independent state judiciary, to question its discretionary judgment, in the imposition of a sentence, where the trial judge, in the possession of all the facts relative thereto, in a proceeding in a Federal court on a writ of habeas corpus—already ruled on by the highest tribunal of the state— would vacate the same, unless it clearly flouted constitutional standards of due process.

Accordingly, the judgment of the lower court will be reversed.