**UNITED STATES of America ex rel. Thomas H. DAVIS, Petitioner,**

v.

**Joseph R. BRIERLY, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania, Respondent.**

**No. 851.**

United States District Court
M. D. Pennsylvania.

Nov. 3, 1967.

Thomas H. Davis, pro se.

LeRoy S. Zimmerman, Dist. Atty., Carl G. Wass, Asst. Dist. Atty., Dauphin County, Harrisburg, Pa., for respondent.

### MEMORANDUM

FOLLMER, District Judge.

Thomas H. Davis, a prisoner at the State Correctional Institution, Philadelphia, Pennsylvania, filed a petition for writ of habeas corpus, in forma pauperis, in this court on January 27, 1967. By Order dated that same day a Rule to Show Cause was issued, and an answer was filed by respondent. On March 22, 1967, the District Attorney of Dauphin County, Pennsylvania, moved for a continuance on the grounds that petitioner then had an appeal pending in the Pennsylvania Superior Court. By Order dated March 31, 1967, the continuance was granted and further proceedings were stayed until such time as petitioner should inform this court that he had exhausted all available state remedies. Petitioner subsequently did so by a "Motion for Consideration" filed September 12, 1967. By Order dated September 21, 1967, the District Attorney of Dauphin County, Pennsylvania, was directed to file an answer. This has been done and the matter is now before the court for consideration.

The basic issue presented by petitioner is whether harsher punishment may constitutionally be imposed at a second trial under the circumstances of his case, citing Patton v. State of North Carolina, 256 F.Supp. 225 (W.D.N.C.1966). The Third Circuit considered this precise issue in the case of United States ex rel. Starner v. Russell, 378 F.2d 808 (1967). In rejecting the rationale of the Patton case, it held:

> When [the petitioner] appeared and entered a plea of not guilty at the second trial, the slate had been wiped clean and it was an entirely new case and bore no relationship whatsoever to his previous plea of guilty which he had entered.

> * * * [W]hen [the petitioner] elects to have his case retried before a jury, he takes a chance after conviction on the trial judge's discretion in

sentencing him. * * * Id. at p. 811.[1]

The Court of Appeals concluded:

It is submitted it would be a flagrant trespass of an independent state judiciary, to question its discretionary judgment, in the imposition of a sentence, where the trial judge, in the possession of all the facts relative thereto, in a proceeding in a Federal court on a writ of habeas corpus—already ruled on by the highest tribunal of the state —would vacate the same, unless it clearly flouted constitutional standards of due process. Id. at p. 812.

Petitioner has based his contentions on the Patton case. Patton is not the law in this circuit. Accordingly, the petition for writ of habeas corpus will be denied.

1. Contra, Patton v. State of North Carolina, 256 F.Supp. 225 (W.D.N.C.1966), aff'd 381 F.2d 636 (4 Cir. 1967); Marano v. United States, 274 F.2d 583 (1 Cir. 1967).