Commonwealth *v*. Walk, Appellant.

Submitted March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Leo T. Walk, Sr.,* appellant, in propria persona.

*Ervin S. Fennell, Jr.,* Assistant District Attorney, and *John K. Reilly, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1967:

The petitioner was sentenced in 1961, having endorsed a plea of guilty and waiver of grand jury indictment on a district attorney's bill of indictment charging him with larceny and burglary. In 1965, Walk petitioned for a writ of habeas corpus on the ground that he had no counsel at the time of his plea. The writ was issued and a new trial ordered by the Court of Common Pleas of Clearfield County on January 28, 1966.[1]

At a new trial, in February, 1966, upon advice of counsel and after thorough discussion with the court, petitioner entered his plea of guilty to the original bill of indictment. He was sentenced to five years probation to begin at the expiration of a sentence he was then serving for another offense. He later presented a petition under the Post Conviction Hearing Act of January 25, 1966, 19 P.S. §1180-1, to the court below which dismissed his petition by order dated October 14, 1966. Defendant appeals from such order.

---

[1] A new trial, rather than discharge, was the proper remedy. See *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964).

Petitioner in his appeal argues that the original district attorney's bill was declared illegal by the court below when it granted the writ of habeas corpus; that he could not be retried or sentenced without re-indictment and that he never waived indictment.

However, the action of the court below did not invalidate the original bill of indictment. The order of January 28, 1966, granted the prayer of the petition, which was to vacate the judgment and commitment, and ordered a new trial. None of the proceedings prior to sentence except, inferentially, petitioner's plea of guilty was set aside. The district attorney's bill was available on which to proceed with a new trial.[2]

At the new trial petitioner might have questioned whether he knowingly and intelligently waived indictment but he did not do so, although represented by counsel whose competency he does not question. Rather, he chose to enter a plea of guilty in open court and he does not contend that his plea was anything other than voluntarily and intelligently entered. When this defendant waived indictment in 1961 the court had jurisdiction to try him. Such jurisdiction was conferred by the Act of April 15, 1907, P. L. 62, as amended, 19 P.S. §241, in effect at the time he waived indictment.[3] When he entered his plea of guilty such "plea constituted an admission of his guilt and of all the facts averred in the indictment; it constituted a waiver of all nonjurisdictional defects and defenses." *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d

---

[2] In *Commonwealth v. Phillips*, 208 Pa. Superior Ct. 121, 220 A. 2d 345 (1966), aff'd., 424 Pa. 641, 226 A. 2d 863 (1967), we determined that waiver of indictment is not a critical stage requiring assistance of counsel and that presentation to the grand jury can be waived.

[3] The Act of 1907 was suspended on January 1, 1965, by Rule 222 of the Pennsylvania Rules of Criminal Procedure. Rule 215 of the said Rules now governs waiver of action by the grand jury.

528 (1964). Thus appellant chose to forego his nonjurisdictional objection to the waiver of indictment and was properly sentenced on the original bill of indictment.

The petitioner also argues in this appeal that the time he served in prison under the vacated conviction and sentence should be credited against his 1966 sentence. The Act of August 14, 1963, P. L. 841, 19 P.S. §898 provides:

"*Any person* who has been convicted of an offense in any court in this Commonwealth and *sentenced to a term of imprisonment* shall be given credit toward the service of his sentence for any days spent in custody on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (Emphasis added.)

Since petitioner's 1966 sentence was to five years *probation,* not imprisonment, the Act does not provide for credit against his new sentence.

Order affirmed.