# Commonwealth v. Davis

*LeRoy S. Zimmerman*, District Attorney, and *Carl G. Wass*, Assistant District Attorney, for Commonwealth.

*Arthur K. Dils*, Public Defender, for petitioner.

BOWMAN, J., April 22, 1968.—In this ninth of a series of petitions filed under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, directed to petitioner's retrial and sentence on four larceny charges, petitioner has raised a question not raised in prior petitions.[1]

---

[1] For petitioner's criminal history see Commonwealth v. Davis, 81 Dauph. 283 (1963), conviction on retrial sustained on appeal, 203 Pa. Superior Ct. 79 (1964); 86 Dauph. 222 (1966); 86 Dauph. 167 (1966); 85 Dauph. 241 (1966). Other petitions have been disposed of by unreported memorandum opinions, the most recent on February 9, 1968.

Having requested the appointment of counsel to represent him, the Dauphin County Public Defender was so appointed: Commonwealth v. Mitchell, 427 Pa. 395 (1967). Answer to the petition has been filed by the Commonwealth and pursuant to the direction of the court the chairman of the Pennsylvania Board of Probation and Parole has filed a certificate[2] setting forth the complex history of the computation, recomputation, parole, reparole and unrelated convictions and sentences influencing the maximum sentence imposed upon petitioner following his retrial on the four larceny charges in question. This certificate supplies the only facts necessary to resolve the question raised by petitioner.

Since no issues of fact are involved, no evidentiary hearing was held but we have heard argument on behalf of petitioner and the Commonwealth: Commonwealth ex rel. Wilkes v. Maroney, 423 Pa. 113 (1966).

By marking the prescribed form to be used under the Post Conviction Hearing Act, petitioner asserts an abridgment of a right guaranteed to him by the Constitution or laws of the Commonwealth or of the United States. In support of this legal conclusion, petitioner contends that he should have been given credit on his retrial sentence for all time he spent on parole or reparole incident to the sentence on his original trial on these larceny charges. By an amendment to his petition, which we allowed, petitioner also asserts that his sentence on retrial must be computed from September 27, 1945, being the date from which his original sentence was directed to be computed.

Petitioner's first trial on these charges was held on December 10, 1945. Separate sentences on each charge resulted in a term of imprisonment of not less than 4

---

[2] As authorized by the Act of August 6, 1941, P.| L. 861, sec. 8, 61 PS §331.8.

nor more than 12 years to be computed from September 27, 1945, the date he was imprisoned on these charges awaiting trial. His original maximum sentence would have normally expired on September 27, 1957. Prior to the expiration of his maximum sentence and before his retrial, however, petitioner was twice paroled, twice committed other crimes while on parole and received sentences for these offenses, all of which resulted in recomputation of the expiration date of his maximum sentence on the four larceny charges in question. Reference to the record details this history and need not be reported here.

On September 10, 1963 petitioner had a Gideon retrial on these same four larceny charges and was found guilty. The sentences imposed on these convictions resulted in a term of imprisonment of not less than 6 nor more than 20 years with a direction that petitioner was to be given credit for all time spent in confinement on the original sentence. Credit was accordingly given on the retrial sentences, petitioner was again paroled and again convicted of a crime while on parole and again the expiration date of his maximum sentence imposed after his retrial was recomputed.[3] As so recomputed, petitioner's maximum sentence expiration date is presently fixed as April 4, 1970. Again, reference to the record sets forth the details incident to this ultimate recomputation. For present purposes, we need only note that petitioner has not been given credit for any time spent on parole or reparole incident to his original sentence or his sentence after retrial in those instances

---

[3] Another proceeding under the Post Conviction Hearing Act pertaining to an unrelated crime which resulted in vacation of the sentence imposed also influences the recomputation of the expiration date of the maximum sentence here involved. The record discloses the resulting recomputation. See Commonwealth v. Davis, CQS Dauphin County, September sessions 1958, no. 86, order dated October 14, 1966.

where he committed a crime while on parole. In common parlance, his "street time" was taken from him in each such instance by the Parole Board and not credited on his retrial sentence.

Petitioner first contends that the provisions of the Act of August 14, 1963, P. L. 841, 19 PS §898, require that he be given credit on his retrial sentence for the periods of time he was on parole or reparole incident to his original sentence. This statute provides:

"Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence for any days spent in custody on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail".

In Commonwealth v. Ulmer, 211 Pa. Superior Ct. 193 (1967), it was held that the provisions of said act require a defendant convicted after a new trial to be given credit for time *served* under an invalid sentence for the same criminal acts.[4] In that case only credit for time spent in actual confinement was in issue. Petitioner would have us extend this decision to encompass periods of time not spent in actual confinement but on parole as well.[5] In our opinion, the provisions of the

---

[4] Also see Commonwealth v. Jones, 211 Pa. Superior Ct. 366 (1967), in which it was held that time spent in confinement in a mental hospital under commitment procedures of the Mental Health Act of 1951 should be credited to defendant's sentence on trial following discharge from the mental hospital; and Commonwealth v. Walk, 211 Pa. Superior Ct. 285 (1967), which held that the act does not entitle a defendant convicted after retrial for time spent in confinement under an invalid sentence for the same criminal act where the retrial sentence is one of probation as the act applies only to sentences to a term of imprisonment.

[5] As disclosed by the record, petitioner has been given "street time" credit on his retrial sentence in the one instance he was on parole and not convicted of a crime during the parole period. In

act cannot be so broadly interpreted. On the contrary, we believe that the phrase "spent in custody" clearly means time spent in actual imprisonment or other actual confinement. This is manifest in our opinion by the reference in the statute as intending to include "days spent in custody ... prior to the entry of bail". If any and all forms of restraint in any degree or manner such as are associated with a person's freedom of action following arrest and other criminal proceedings leading up to trial were intended to be within the scope of the act, no need would have existed for incorporating the quoted phrase into its provisions. We conclude, therefore, that petitioner's contention on this point is without merit. Nor are we aware of any authority which affords to petitioner a constitutional right that the restraints of liberty associated with parole are such as to require that a defendant on a retrial sentence be given credit for time served on parole under an original invalid sentence. See 35 A.L.R. 2d 1283; 95 A.L.R. 2d 1265.

Citing Commonwealth ex rel. Ackerman v. Russell, 209 Pa. Superior Ct. 467 (1967), as authority, petitioner's second contention is that his retrial sentence must be computed from the date of computation of the invalid sentence imposed at his original trial. While petitioner does not pursue this contention to a conclusion, we assume that he intended to further argue that the commencement date of the retrial sentence being so fixed, the expiration of the maximum must be determined as expiring exactly 20 years hence regardless of intervening paroles and reparoles or recomputations of maximum sentence by reason of conviction for crime while on such parole or reparole. In Ackerman it is said, pages 471 and 472:

---

light of the retrial sentence that petitioner be given credit for time spent in confinement, this particular credit, favorable to petitioner, is questionable. See 95 A.L.R. 2d 1282; Eubanks v. Gladden (U.S. D.C.-Ore.), 236 F. Supp. 129 (1964).

". . . Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A. 2d 233 (1966), impliedly overruled the Pennsylvania cases of Holly and Pyeatte, supra, by holding that when an order is entered declaring an earlier sentence erroneous or void, the date from which a subsequent sentence is to be computed is the date of the commitment of the defendant for the offense resulting in the subsequent sentence".

Apparently petitioner relies on this portion of the opinion as authority for his position. Both Ackerman and Ulmer, however, were concerned with *credit* to be given on a retrial sentence for time served in confinement on a prior invalid sentence, and afford no support for the ultimate conclusion which petitioner would have us reach. Both decisions do require the date for the computation of the original invalid sentence to also be the date for the computation of the sentence imposed on retrial for the purpose of determining *the credit* to be given a defendant on a retrial sentence. The credit given petitioner in the instant case was so determined. Time spent in custody from September 27, 1945, awaiting his original trial on December 10, 1945, was employed as the date from which credit for time spent in custody was computed and credited on his retrial sentence. This is all these decisions require. To conclude as petitioner would have us do would afford to a defendant with respect to his retrial sentence greater rights than he would have been entitled to on his original sentence as it would indirectly negate the power and authority of the Pennsylvania Board of Probation and Parole under the provisions of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.2, to extend a maximum sentence when a parolee commits a crime while on parole. See Commonwealth ex rel. Wells v. Russell, 86 Dauph. 191 (1966).

Petitioner's second contention is also without merit.

For the foregoing reasons, we enter the following

ORDER

And now, April 22, 1968, the ninth petition of Thomas H. Davis under the Post Conviction Hearing Act filed November 3, 1967, is hereby dismissed.