**R. Milo GILBERT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22488.**

United States Court of Appeals
Ninth Circuit.

Oct. 2, 1968.

---

Edward J. Skelly (argued), North Hollywood, Cal., for appellant.

Anthony Glassman (argued), Asst. U. S. Atty., Wm. M. Byrne, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Criminal Div., James E. Shekoyan, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and KILKENNY, District Judge.*

PER CURIAM:

Appellant's sole assignment of error is that the Court should have corrected, under Rule 35 F.R.Crim.P., an alleged illegal sentence.

In January, 1960, appellant was convicted on 31 counts for violations of 26 U.S.C. § 7206(2) and 18 U.S.C. § 1001. Appellant was sentenced to confinement for a period of one year and one day on each count, with the sentences to run consecutively, a total sentence of 31 years and 31 days. This court reversed on 29 of the counts and the United States Supreme Court reversed on the remaining

2. The remand directed a new trial on each one of the counts.

On the new trial, the appellant was convicted on 12 counts charging violations of 26 U.S.C. § 7206(2) and on 3 counts charging violations of 18 U.S.C. § 1001. He was then sentenced to a term of three years on each of the 12 counts charging violations of 26 U.S.C. § 7206 (2) and five years on each of the 3 counts charging violations of 18 U.S.C. § 1001, with the sentences on all 15 counts to run concurrently, making a total imprisonment of 5 years.

We need not speak on the issue of whether a trial judge, after reversal and a new trial with conviction, may increase the term of imprisonment. Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919); United States ex rel. Starner v. Russell, 378 F.2d 808 (3d Cir. 1967); Robinson v. United States, 144 F.2d 392, 393 (6th Cir. 1944), aff'd 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945), would permit an increase. Marano v. United States, 374 F.2d 583 (1st Cir. 1967), criticized in *Russell*, uses language which might require a different result.

Here, the trial judge could have imposed a total sentence of 13 years and 13 days without offending the "unfettered right of appeal without fear of consequences" rule, as delineated in *Marano*. Instead of the permissible total of 13 years and 13 days,[1] the appellant received a total sentence of only 5 years. Under these circumstances, we must look to the totality of the sentence, rather than the sentence imposed on an individual count. Gilbert v. United States, 359 F.2d 285 (9th Cir. 1966) and Walsh v. United States, 374 F.2d 421 (9th Cir. 1967), speak on factual backgrounds entirely foreign to those before us and cannot be considered as authority on our problem. If we followed appellant's contention to its logical conclusion, he might find himself, on resentencing, in the unhappy position of facing a sentence of 13 years and

---

* John F. Kilkenny, District of Oregon, sitting by designation.

1. Appellant's theory.

13 days, rather than the sentence here imposed. We shall not require him to face that dilemma.

The judgment is affirmed.