J-S34027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                :              PENNSYLVANIA
                :
         v.            :
                :
                :
DAVID WILLIAMS           :
                :
        Appellant    :    No. 135 WDA 2023

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No:  CP-02-CR-0005055-2015

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:         **FILED: December 28, 2023**

Appellant, David Williams, appeals from the judgment of sentence imposed on October 21, 2021 in the Court of Common Pleas of Allegheny County, placing him on three years' probation stemming from a conviction for persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1).[1] Appellant claims that the trial court erred by failing to give him credit for the time he was

---

[1] As this court reiterated in **Commonwealth v Chambers**, 55 A.3d 1208 (Pa. Super. 2012), "Probation is a form of authorized supervision 'aimed at rehabilitating and reintegrating a law breaker into society as a law-abiding citizen [and] is deemed a constructive alternative to imprisonment.'" **Id.** at 1212 (quoting **Commonwealth v. Colon**, 708 A.2d 1279, 1282 (Pa. Super. 1998)). "[P]robation rehabilitates a defendant in a less restrictive manner than total confinement. As such, logic would lead to the conclusion that a term of probation cannot be served while the defendant is imprisoned on an unrelated sentence[.]" **Commonwealth v. Brown**, 145 A.3d 184, 188 (Pa. Super. 2016), *appeal denied*, 165 A.3d 892 (Pa. 2017) (citation omitted).

incarcerated before this Court vacated a portion of an earlier sentence imposed by the trial court in 2020. Following review, we affirm.

As the trial court explained:

On January 7, 2016, Appellant . . . pled guilty to one count each of possession of firearm prohibited, firearms not to be carried without a license, and possession of marijuana. [On August 19, 2016, t]his court sentenced Appellant to two years of State Intermediate Punishment ("SIP"), followed by three years of consecutive probation at the possession of a firearms prohibited count and no further penalty at the remaining counts. On September 11, 2020, this court found that Appellant had been expelled from SIP as a result of absconding from the program and subsequently, [Appellant] pled guilty at two new criminal informations. This court revoked SIP and[, on September 11, 2020,] resentenced Appellant to four to eight years of incarceration.

Trial Court Opinion, 5/11/23, at 2 (some capitalization omitted). The September 11, 2020 sentence did not include a consecutive probationary sentence, but did provide time for credit served totaling 581 days, from March 29, 2016 until October 30, 2017.

Appellant filed an appeal to this Court from the September 11, 2020 judgment of sentence. On August 27, 2021, this Court vacated Appellant's sentence and remanded with instruction to reinstate the original order of probation. *Commonwealth v. Williams*, 263 A.3d 1 (Pa. Super. 2021). The Court held that the trial court did not have authority to revoke a SIP sentence and impose a term of incarceration after the SIP statute was repealed in its entirety. The panel noted:

Although we find that Williams' SIP revocation proceeding was void for lack of statutory authority, we also find that Williams

- 2 -

cannot continue to serve the original SIP sentence where the SIP statute has been repealed and substituted with the State drug treatment program, and where there is no saving clause applicable to Williams' case. **See** 1 Pa.C.S.A. § 1971(a). Therefore, the only remaining valid portion of Williams' original sentence is the consecutive term of three years' probation. **See** [**Commonwealth v. Simmons**, 262 A.3d 512, 528 (Pa. Super. 2021 (*en banc*)] (remanding with instruction to reinstate valid portions of defendant's original sentence following appellate determination that resentencing was void).

*Id.* at 7 n. 16.

On remand, and following a hearing, the trial court reinstated Appellant's three-year sentence of probation as directed by this Court. Order of Sentence, 10/21/21, at 1. By that time, Appellant had been incarcerated for 405 days, from September 11, 2020, when he was expelled from SIP, until October 21, 2021, when the trial court reinstated his sentence of probation.

Appellant filed an appeal to this Court from the October 21, 2021 judgment of sentence. After his appeal was quashed as untimely on July 15, 2022, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his post-sentence motion and direct appeal rights. By order entered November 4, 2022, the PCRA court granted the motion, specifically reinstating Appellant's post-sentence motion rights. Order, 11/4/22, at 1.

Appellant filed a post-sentence motion, seeking 405 days' credit for time served from September 12, 2020 until October 21, 2021. The Commonwealth agreed that Appellant was entitled to that credit. On January 4, 2023, the PCRA court entered an order granting Appellant 405 days' credit for time

served. However, the order was silent as to applying the credit to Appellant's sentence of probation imposed on October 21, 2021. Order, 1/4/23, at 1. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one issue on appeal:

Whether the Sentencing Court committed an error of law when it failed to give [Appellant] credit for time spent incarcerated when reconsidering his probation sentence?

Appellant's Brief at 3.

As this Court has recognized:

A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. *Commonwealth v. Menezes*, 871 A.2d 204, 207 (Pa. Super. 2005)[.]

It is well established that there is no constitutional right to credit for time served prior to trial or sentence. *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 840 A.2d 299, 304 (2004)[.]

*Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009) (additional citations omitted).

In accordance with 42 Pa.C.S.A. § 9760(1),

[c]redit against the maximum term and any minimum term shall be given to the defendant for **all time spent in custody** as a result of the criminal charge **for which a prison sentence is imposed** or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added).

- 4 -

Appellant contends that he was "in custody" during the 405-day period between September 12, 2020 and October 21, 2021. We agree. However, at the conclusion of that period, the trial court reinstated his sentence of probation. No prison sentence was imposed. Moreover, that time spent in custody was not "prior to trial, during trial, pending sentence, [or] pending the resolution of an appeal," as set forth in Section 9760(1). Rather, it was time spent in custody because he absconded from and was subsequently expelled from SIP, leading the trial court to impose a sentence of incarceration that was ultimately vacated by this Court in light of the repeal of SIP. Had Appellant been sentenced to a new period of incarceration after the time spent in custody, credit could be appropriately awarded. However, he was not sentenced to prison. Rather, the previously imposed consecutive sentence of probation was reinstated.

To award credit against Appellant's probationary sentence would, in essence, be to reward him for absconding from SIP. More importantly, because Appellant's sentence is one solely of probation, there is no maximum or minimum term against which credit can be applied under Section 9760(1). This determination is consistent with this Court's holding in *Commonwealth v. Walk*, 238 A.2d 32 (Pa. Super. 1967). In *Walk*, this Court rejected the appellant's contention that he was entitled to credit against his probationary sentence for time served in prison. The Court looked to 19 P.S. § 898

(repealed), the predecessor statute to 42 Pa.C.S.A. § 9760(1) at issue in the instant case. Section 898 provided:

> Any person who has been convicted of an offense in any court in this Commonwealth and **sentenced to a term of imprisonment** shall be given credit toward the service of his sentence for any days spent in custody on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail.

*Id.* (emphasis added). In *Walk*, the appellant argued that the time he served in prison under a vacated sentence should be credited against his remaining sentence. This Court rejected his argument, stating that "[s]ince [appellant's remaining] sentence was to five years probation, not imprisonment, the Act does not provide for credit against his new sentence." *Walk*, 238 A.2d at 34.

Although the language of the prior statute varies slightly from the statute in currently in place, we find this Court's reasoning and conclusions in *Walk* applicable to the instant case. Because Appellant's October 21, 2021 sentence does not include any time in prison and, therefore, does not include any time in custody, we conclude he is not entitled to credit against his sentence of probation. Again, his sentence of probation was to begin only after he completed his SIP sentence, a sentence he did not complete because he absconded.

We find no error in the trial court's conclusion that Appellant was not entitled to time credit against his probationary sentence. While our reasoning for affirming Appellant's judgment of sentence differs from that offered by the

trial court,[2] we may affirm on any basis supported by the record. **See**

**Commonwealth v. Gatlos**, 76 A.3d 44, 62 n.14 (Pa. Super. 2013) (citing

**Colon, supra**, 708 A.2d at 1282 n.1).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023

---

[2] The trial court cited case law that considered whether time spent on electronic monitoring could be credited against a prison sentence, rather than whether time in prison could be credited against a sentence of probation. **See** Trial Court Opinion, 5/11/23, at 3-4.